### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**RACHEL HARRIS, GUARDIAN OF**                      **PLAINTIFF**
**STEVEN JESSIE HARRIS ON**
**BEHALF OF STEVEN JESSIE HARRIS**

**v.**                  **CIVIL ACTION NO. 1:18-CV-167-DMB-RP**

**CLAY COUNTY, MISSISSIPPI, ET AL.**           **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Rachel Harris has filed this action on behalf of Steven Jessie Harris ("Harris"), as his guardian, alleging claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and state law. Harris's First Amended Complaint, Docket No. 5, arises out of his arrest for murder, aggravated assault on a law enforcement officer, armed robbery, kidnaping, aggravated assault, and shooting into an automobile, and his resulting intermittent confinement in the Clay County, Mississippi jail between October 8, 2005, and August 15, 2017. Docket No. 5, ¶¶ 20, 21, 32. According to the First Amended Complaint, Harris underwent multiple competency evaluations at the Mississippi State Hospital at Whitfield during this time period. *Id.* at ¶¶ 22-25. Harris was found not competent to stand trial, and the Clay County Circuit Court ordered the initiation of civil commitment proceedings. *Id.* at ¶¶ 28-29. However, the chancery court held that it lacked jurisdiction to order civil commitment due to the pending criminal charges against Harris. *Id.* ¶ 37. As a result, the First Amended Complaint asserts that Harris was detained

in the Clay County jail until August 15, 2017, following dismissal of his criminal case.  *Id.* at ¶¶ 31-32, 38.

In his First Amended Complaint, Harris has named as a defendant Edwin C. LeGrand, III, the former Executive Director of the Mississippi Department of Mental Health, in his official and individual capacities.[1]  Docket No. 5 at ¶15.  In Count I, Harris alleges that LeGrand acted with the other defendants to deny Harris mental health treatment in violation of the ADA and the Rehabilitation Act.[2]  *Id.* at ¶¶ 39-58.  Additionally, Harris asserts a § 1983 claim of false imprisonment and a state law claim for infliction of emotional distress in Counts III and IV, respectively, against LeGrand and the other defendants.  *Id.* at ¶¶73-82.

Because Harris has not alleged that he was denied the benefits of any services or programs on the basis of his mental illness, he has failed to state a valid claim under the ADA or the Rehabilitation Act.  Also, Harris's § 1983 claim for monetary damages against LeGrand in his official capacity is barred by his Eleventh Amendment immunity.  His § 1983 claim for injunctive relief against LeGrand in his official capacity similarly is barred by the Eleventh Amendment and is also moot.  LeGrand in his individual capacity is further entitled to dismissal of Harris's §1983

---

[1]Because LeGrand is no longer the Executive Director, he is automatically substituted in his official capacity by the current Executive Director of the Mississippi Department of Mental Health, Diana Mikula, pursuant to Fed. R. Civ. P. 25(d).  However, for purposes of this motion to dismiss and supporting memorandum, arguments related to both the official capacity and individual capacity claims will reference LeGrand as a matter of simplicity and coherence.

[2]Harris also maintains in Count I that the defendants violated his Thirteenth and Fourteenth Amendment rights by depriving him of access to the courts and by forcing him to perform "janitorial tasks and meal service" at the Clay County jail.  Docket No. 5 at ¶ 53.  These claims in Count I do not appear to apply to LeGrand.  However, to the extent either claim is asserted against LeGrand, Harris would have to seek relief from any such constitutional violation under § 1983.  *See Hearth, Inc. v. Tex. Dep't of Public Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980).  LeGrand's defenses to any § 1983 claim are articulated in Arguments II – V below.

claim, because it is time-barred and because Harris has failed to make any allegations against LeGrand of personal involvement in or causal connection to his purported injuries. In addition, Harris's state law claim is barred by the Mississippi Tort Claims Act notice requirement and the applicable statute of limitations.

## ARGUMENT

### I.     Harris Has Failed to State a Valid ADA or Rehabilitation Act Claim.

In Count I of his First Amended Complaint, Harris alleges that the defendants, including LeGrand, violated Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act by denying him mental health treatment.[3]  Docket No. 5 at ¶¶39-58.  Title II of the ADA provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

> The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973, and Congress' intent was that Title II extend the protections of the Rehabilitation Act to cover all programs of state or local governments, regardless of the receipt of federal financial assistance and that it work in the same manner as Section 504.  In fact, the statute specifically provides that the remedies, procedures and rights available under Section 504 shall be the same as those available under Title II.  Jurisprudence interpreting either section is applicable to both.

*Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (internal quotations omitted).  "[T]he central purpose of the ADA and § 504 of the Rehabilitation Act is to assure that disabled individuals receive

---

[3]To the extent that Harris is alleging an ADA or Rehabilitation Act claim against LeGrand in his individual capacity, the Fifth Circuit has held that government employees cannot be sued individually under the statutes. *Nottingham v. Richardson*, 499 Fed. Appx. 368, 376 n.6 (5th Cir. 2012) (citing *Lollar v. Baker*, 196 F.3d 603, 608–09 (5th Cir. 1999)).

'evenhanded treatment' in relation to the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 83 (2nd Cir. 1998).

Harris correctly states that prisons and jails are public entities, and detainees may bring claims against their jailors for disability discrimination under Title II of the ADA and Section 504 of the Rehabilitation Act. *See Pa. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209-10 (1998). It is also true that mental illness may be a qualified disability for purposes of the ADA and the Rehabilitation Act. 42 U.S.C. § 12102(1). However, even assuming Harris is a qualified individual with a disability and that LeGrand is a proper defendant, his claim under the ADA and the Rehabilitation Act fails for a fundamental reason – Harris has not alleged that the defendants denied him the benefits of any services, programs, or activities <u>because of his disability</u>. *See Goodman v. Johnson*, 524 Fed. Appx. 887, 890 (4th Cir. 2013) (affirming dismissal of ADA claim because of plaintiff's failure to allege facts indicating that, due to his disability, he has been deprived of benefits for which he was otherwise qualified); *Atkins v. Cty. of Orange*, 251 F.Supp.2d 1225 (S.D. N.Y. 2003) ("With no allegation of disparate treatment, no claim for discrimination under the ADA or Rehabilitation Act lies."). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010). Because Harris has not alleged that he was subjected to discrimination based on his mental illness, he has failed to state a valid claim under the ADA or Rehabilitation Act. *See Kokinda v. Penn. Dep't of Corr.*, 663 Fed. Appx. 156, 159 (3rd Cir. 2016) ("the ADA prohibits disability-based discrimination, 'not inadequate treatment for the disability'") (quoting *Simmons*, 609 F.3d at 1022)*; Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (in the absence of discrimination, the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners");

4

*Doe v. Harris Cty., Tex.*, Civil Action No. H-16-2133, 2017 WL 4402590, *29 (S.D. Tex. Sept. 29, 2017) ("While the Constitution may require certain mental health treatment for jail detainees, the ADA does not compel Harris County to provide any particular treatment in order to prevent discrimination."); *George v. La. Dep't of Pub. Safety & Corr.*, Civil Action No. 3:14-338-JWD-EWD, 2016 WL 3568109, *10 (M.D. La. Jun. 23, 2016) ("the ADA is not violated by a prison failing to attend to the medical needs of its disabled prisoners"); *Cheek v. Nueces Cty., Tex.*, Civil Action No. 2:13-CV-26, 2013 WL 4017132, *18 (S.D. Tex. Aug. 5, 2013) (dismissing ADA and Rehabilitation Act claims of county jail detainee found mentally incompetent to stand trial because the statutes do not require provision of "any particular treatment as a matter of preventing discrimination"). Harris's ADA and Rehabilitation Act claim against LeGrand should be dismissed for failure to state a claim upon which relief may be granted.

## II. Harris's § 1983 Claim for Monetary Damages Against LeGrand in His Official Capacity Is Barred by the Eleventh Amendment to the United States Constitution.

In Count III, Harris includes LeGrand as one of the defendants in his § 1983 claim for false imprisonment. Docket No. 5 at ¶¶ 73-77. He seeks both compensatory and punitive damages, as well as attorneys' fees, litigation expenses, and pre- and post-judgment interest. *Id.* at p. 32. However, all monetary claims asserted against LeGrand in his official capacity under § 1983 are barred by his Eleventh Amendment immunity.

The Eleventh Amendment incorporates common law principles of sovereign immunity and confirms that the judicial power established by Article III does not confer jurisdiction over suits against non-consenting states. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the

coercive process of judicial tribunals at the instance of private parties." *In re Ayers*, 123 U.S. 443, 508 (1887). "The amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993). Because sovereign immunity limits the jurisdiction of the federal courts, an action that is barred by sovereign immunity should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Such a motion to dismiss on Eleventh Amendment grounds "involves a claim to a fundamental constitutional protection," the value of which is lost if the litigation is allowed to proceed. *Puerto Rico Aqueduct*, 506 U.S. at 145.

It is "well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Suits against state agencies or officials which ultimately seek monetary recovery from state funds are barred by the Eleventh Amendment. *Id.* Thus, state officials are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The reasoning behind this well-established principle is that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

Congress may abrogate state sovereign immunity when it unequivocally intends to do so and, in its abrogation, acts pursuant to a valid grant of constitutional authority. *Tennessee v. Lane*, 541 U.S. 509, 509-10 (2004); *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). However, § 1983 has not abrogated Eleventh Amendment immunity, and the State of Mississippi

6

has not waived it.[4]  Moreover, states and their arms and officials are not "persons" who can be held

liable under § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

The Mississippi Department of Mental Health is a state agency subject to Eleventh

Amendment immunity.  *See Scanlon v. Dep't of Mental Health*, 828 F.Supp. 421, 424 n.4 (S.D.

Miss. 1993) (holding that, as state agencies, the Mississippi Department of Mental Health and the

State Board of Mental Health were entitled to dismissal of § 1983 suit pursuant to the Eleventh

Amendment and *Will v. Michigan Dep't of State Police*).  As a result, Harris's § 1983 claim for

monetary damages against LeGrand in his official capacity is barred by the Eleventh Amendment.

### III.    Harris's § 1983 Claim for Injunctive Relief Against LeGrand Is Barred by His Eleventh Amendment Immunity and Is Moot.

State official Eleventh Amendment immunity is subject only to the *Ex parte Young* exception

for suits against state officials for prospective relief from alleged federal law violations.  *See*

*McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (citing *Ex parte Young*, 209

U.S. 123 (1908)).  "[A] federal court's remedial power, consistent with the Eleventh Amendment,

is necessarily limited to prospective injunctive relief . . . ."  *Edelman v. Jordan*, 415 U.S. 651, 677

(1974).  To be permissible under *Ex parte Young*, the claim must involve a violation of federal law

which is ongoing, and the remedy sought must be designed to ensure future compliance with that

federal law.  *Papasan v. Allain*, 478 U.S. 265, 277-78, 282 (1986).

---

[4]*Hines v. Miss. Dep't of Corr.*, 239 F.3d 366 (5th Cir. 2000) (Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (Section 1983 does not abrogate Eleventh Amendment immunity); Miss. Code Ann. § 11-46-5(4) (preserving Mississippi's Eleventh Amendment immunity).

Harris asks this Court to enjoin the defendants from subjecting him to the purportedly illegal and unconstitutional conditions described in his First Amended Complaint. Docket No. 5 at p. 31. He also seeks an order requiring the defendants "to develop and implement, as soon as practical, a plan to eliminate the barriers incompetent prisoners face to access courts and mental health services." *Id.* To the extent Harris is alleging previous violations of federal law against him during his detention in the Clay County jail, his claim is not subject to the *Ex parte Young* exception. *Green v. Mansour*, 474 U.S. 64, 73 (1985) ("There is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction."). Moreover, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Because Harris is no longer being detained, he may not seek injunctive relief related to the conditions of confinement of incompetent prisoners. *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that former inmates complaining about conditions of confinement could not seek injunctive relief). As a result, LeGrand is entitled to dismissal of Harris's § 1983 claim for injunctive relief against him in his official capacity pursuant to his Eleventh Amendment immunity and the doctrine of mootness.

**IV.** **Harris's § 1983 False Arrest Claim in Count I Against Legrand in His Individual Capacity Is Barred by the Applicable Statute of Limitations.**

Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The United States Supreme Court has held that "in states with more than one statute of limitation for personal injury actions, § 1983 actions should be governed by the residual or general personal injury limitations period." *James by James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)

(citing *Owens*, *supra*). In Mississippi, the applicable statute of limitations is three years, as prescribed by Miss. Code Ann. § 15-1-49. *Id.* LeGrand retired as the Executive Director of the Mississippi Department of Mental Health effective June 30, 2014. *See* South Mississippi State Hospital website, "LeGrand Announces Retirement from DMH," available at https://www.smsh.ms.gov/Pages/RETIREMENT-FROM-DMH.aspx. Harris has made no allegations in his First Amended Complaint against LeGrand beyond his tenure as the Executive Director. Because Harris did not file his initial complaint in this Court until September 4, 2018, his claim against LeGrand in his individual capacity is barred by the three-year statute of limitations.

V. **Harris's § 1983 Claim Against Legrand in His Individual Capacity must Be Dismissed Because Harris Has Not Alleged Any Personal Involvement in or Causal Connection to Harris's Purported Injuries.**

In Count III, Harris's § 1983 claim for false imprisonment, he makes no specific allegations against LeGrand. Docket No. 5 at ¶¶ 73-77. LeGrand is only included as a co-defendant in his capacity as the former Executive Director of the Mississippi Department of Mental Health. *Id.* at ¶ 74, 77. As a result, Harris's claim against LeGrand must be based upon his supervisory position.

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).

Here, Harris has not alleged that LeGrand had any personal involvement or was causally connected in any way to Harris's detention in the Clay County jail. The mere theory that a state official such as LeGrand is responsible for the actions of all of his agency's employees is insufficient

9

to state a valid claim under § 1983. *See Woods*, 51 F.3d at 583 (affirming dismissal of § 1983 claim against state officials based on the argument that they "are responsible for the acts of all the officials below them that directly affected" the plaintiff). Vague allegations that an official "instituted improper policies and procedures" are similarly insufficient. *Glotfelty v. Karas*, 512 Fed. Appx. 409, 413 (5th Cir. 2013). As such, Harris's § 1983 claim for false arrest against LeGrand in his individual capacity should be dismissed for failure to state a claim upon which relief may be granted.

**VI.    Harris's State Law Claim Is Barred by the Mississippi Tort Claims Act Notice Requirement and the Applicable Statute of Limitations.**

The Mississippi Tort Claims Act ("MTCA") provides the exclusive remedy for any claim based in tort against a governmental entity and its employees. Miss. Code. Ann. § 11–46–7. Harris's state law claim for infliction of emotional distress against LeGrand in Count IV of his First Amended Complaint, therefore, is governed by the MTCA. The MTCA requires that "actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after . . . ." Miss. Code Ann. § 11-46-11(3)(a). As noted above, LeGrand retired from the Mississippi Department of Mental Health effective June 30, 2014. Harris has made no allegations against LeGrand occurring after his employment with the Department of Mental Health concluded. Because Harris did not file his initial complaint in this Court until September 4, 2018, his state law claim against LeGrand is time-barred.

Moreover, to maintain a tort action against a Mississippi government entity, a plaintiff must "file a notice of claim with the chief executive officer of the governmental entity" ninety days before filing suit. Miss. Code Ann. § 11-46-11(1). "The Mississippi Supreme Court has held that the

10

'notice of claim requirement imposes a condition precedent on the right to maintain an action' and is a jurisdictional prerequisite." *Chestang v. Alcorn State Univ.*, 820 F.Supp.2d 772, 778 (S.D. Miss. 2011) (quoting *Gale v. Thomas*, 759 So.2d 1150, 1159 (Miss. 1999)). Here, Harris provided no notice to LeGrand or the Mississippi Department of Mental Health, so his state law claim against LeGrand cannot be sustained. *See Owens v. City of Flowood, Miss.*, Civil Action No. 3:16-CV-451-CWR-LRA, 2017 WL 368725, *2 (S.D. Miss. Jan. 23, 2017) (plaintiff was required to comply with the MTCA notice requirement for his negligent infliction of emotional distress claim); *Neyland v. Henley-Young Juvenile Justice Ctr.*, Civil Action No. 3:09-CV-520-DPJ-FKB, 2011 WL 1980276, *9 (S.D. Miss. May 20, 2011) (same).

To the extent the Court finds that LeGrand was acting outside the course and scope of his employment for purposes of the state law claim, it similarly is barred by the one-year statute of limitations prescribed by Miss. Code Ann. § 15-1-35. *See Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 741 (5th Cir. 2005) (claims under Mississippi common law for intentional infliction of emotional distress are governed by § 15-1-35) (citing *King v. Otasco, Inc.*, 861 F.2d 438, 442 (5th Cir.1988); *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1218 (Miss.1990); *Hervey v. MetLife Gen. Ins. Corp. Sys. Agency of Miss., Inc.*, 154 F.Supp.2d 909, 914–915 (S.D. Miss. 2001)). As a result, Harris's state law claim is untimely and should be dismissed.

## **CONCLUSION**

For all of the above and foregoing reasons, Defendant Edwin C. LeGrand, III, respectfully requests that all claims against him be dismissed, and that he be dismissed as a defendant in this case.

11

Respectfully submitted,

EDWIN C. LEGRAND, III, Defendant

BY:    JIM HOOD, ATTORNEY GENERAL,
           STATE OF MISSISSIPPI

BY:    /s Mary Jo Woods
           MARY JO WOODS, MSB No. 10468
           SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi  39205
Telephone No. (601) 359-3680
Facsimile:  (601) 359-2003
Email:  mwood@ago.state.ms.us

12

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Jo Woods, Special Assistant Attorney General of the State of Mississippi, do hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record, and that a true and correct copy of the foregoing document has been served via U.S. Mail, first class, postage prepaid, upon the following non-ECF participant:

Nancy Stewart
192 Lemon Tree Circle
Union Grove, Alabama  35175

/s Mary Jo Woods
Mary Jo Woods