**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**RACHEL HARRIS, GUARDIAN OF**                                 **PLAINTIFFS**
**STEVEN JESSIE HARRIS ON**
**BEHALF OF STEVEN JESSIE HARRIS**

**v.**                                 **CIVIL ACTION NO. 1:18-CV-167-DMB-RP**

**CLAY COUNTY, MISSISSIPPI, ET AL.**                                 **DEFENDANTS**

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

    **COMES NOW** the Plaintiffs, RACHEL HARRIS as guardian of, and on behalf of STEVEN JESSIE HARRIS, and files this their *Response in Opposition to Defendant's Motion to Dismiss* [Doc. 15] filed by Edwin C. LeGrand, III, the former Executive Director of the Mississippi Department of Mental Health, by and through the undersigned Counsel, and would state unto the Court as follows:

### PREMISE – RULE 12(b)(6) Standard

    In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), cert. denied, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See *Id*. at 555 & n. 3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

In the instant matter, Defendant is not entitled to relief as Plaintiff has identified specific allegations in her First Amended Complaint [Doc. 5] demonstrating that Plaintiff has stated a claim for which relief can be granted regarding Defendant.

## I. Plaintiff has Stated a Valid ADA or Rehabilitation Act Claim against the Mississippi Department of Mental Health

Defendant LeGrand and the Mississippi Department of Mental Health argue that Harris has failed to state a claim Defendants denied him the benefits of any services, programs, or activities

2

because of his disability. This is without merit. Plaintiff sets forth allegations at ¶¶39-58 of the First Amended Complaint [Doc. 5] which clearly satisfy "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, specifically that Plaintiff was excluded from participation in and/or denied the benefits of the services, programs, or activities of the Mississippi Department of Mental Health, and was subjected to discrimination by the Mississippi Department of Mental Health due to his pre-trial detention status having been arrested on multiple violent crimes. Plaintiff specifically alleges that he was denied physician-recommended mental health treatment, was subjected to intramuscular injections which amounted to a "chemical restraint" without due process. [Doc 5 at ¶¶54-55]. Plaintiff has alleged he was subjected to discrimination based on his mental illness. Further, all cases cited by Defendant as against Plaintiff's position are not controlling precedent. The vast majority of cited cases were determined at the summary judgment stage and not opinions based of the 12(b) standard of review.[1] This portion of Defendant's argument should be denied at this stage of the litigation.

## II. Harris's §1983 Claim for Monetary Damages Against LeGrand in His Official Capacity is Barred by the Eleventh Amendment to the United States Constitution

Plaintiff's §1983 claim for money damages against LeGrand in his official capacity is barred by the Eleventh Amendment. Plaintiff withdraws these allegations of the Complaint against LeGrand, and this argument is therefore moot.

---

[1] *Goodman v. Johnson*, 524 Fed. Appx. 887, 890 (4th Cir. 2013)(unpublished non-binding summary judgment opinion); *Atkins v. County of Orange*, 372 F. Supp. 2d 377 (S.D.N.Y. 2005)(non-binding summary judgment opinion); *Simmons v. Navajo County, Ariz.*, 609 F. 3d 1011 (9th Cir. 2010)(non-binding summary judgment opinion); *Kokinda v. Penn. Dep't of Corr.*, 663 Fed. Appx. 156, 159 (3rd Cir. 2016)(non binding opinion regarding *pro se* prisoner complaint dismissed for improper joinder); *Bryant v. Madigan*, 84 F. 3d 246 (7th Cir. 1996)( non binding summary judgment opinion regarding *pro se* prisoner complaint); *Doe v. Harris Cty., Tex.*, Civil Action No. H-16-2133, 2017 WL 4402590, *29 (S.D. Tex., Sept 29, 2017)(unpublished district court opinion)

### III. Harris's §1983 Claim for Injunctive Relief against LeGrand in his Official Capacity is Not Barred by Eleventh Amendment Immunity.

Defendant LeGrand in his official capacity and the Mississippi Department of Mental Health have moved for dismissal on the ground that the Eleventh Amendment bars § 1983 claims against such state agencies in federal court. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court determined that states and state agencies are not persons subject to suit under § 1983. *Will* does not require, however, LeGrand in his official capacity be dismissed since "a State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because `official-capacity actions for prospective relief are not treated as actions against the State.'" *Id*. 491 U.S. at 71 n. 10, 109 S.Ct. at 2311 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)). The effect of *Will* is that states, state agencies and state officials in their official capacities may not be sued under § 1983 for damages or other retrospective relief, but state officials in their official capacities may be sued for prospective relief even though states and state agencies are not likewise subject to such liability. Simply stated, although *Will* does preclude a claim for money damages against the Department of Mental Health and LeGrand in his official capacity, it does not preclude Plaintiff's claim for injunctive relief against LeGrand in his official capacity.

### IV. Harris's §1983 False Arrest Claim in Count I Against LeGrand in His Individual Capacity is Barred by the Applicable Statute of Limitations

Harris's §1983 false arrest claim against LeGrand in his official capacity is barred by applicable statute of limitations. Plaintiff withdraws these allegations of the Complaint, and this argument is therefore moot.

4

**V.     Harris's §1983 Claim against LeGrand in His Individual Capacity is Properly Dismissed due to Lack of Personal Involvement**

Plaintiff hereby withdraws the portion of his Complaint alleging individual capacity claims against LeGrand. Plaintiff withdraws these allegations of the Complaint, and this argument is therefore moot.

**VI.     Harris's State Law Claim Is Barred by the Mississippi Tort Claims Act Notice Requirement and the Applicable Statute of Limitations**

Plaintiff agrees that they have not satisfied the statutory notice requirement under the Mississippi Tort Claims Act to Defendant LeGrand and the Mississippi Department of Mental Health. However, this claim is not barred by the applicable statute of limitations and will be remedied through proper notice and service to the appropriate officials.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss regarding the specific arguments not withdrawn above.

**RESPECTFULLY SUBMITTED**, this the 21st day of November, 2018.

                                        **RACHEL HARRIS as guardian of, and on behalf of STEVEN JESSIE HARRIS**


                                        By:___*/s/ Michael S. Carr*_____
                                        Michael S. Carr, MSB No. 102138


OF COUNSEL:

**CARR LAW FIRM, PLLC**
301 W. Sunflower Rd Suite D
Cleveland, MS, 38732
Phone: (662) 441-1LAW
Fax: 1 (662) 441-1530
Email: mcarr@carrlawpllc.com
Attorney for Plaintiff


Carlos Eugene Moore

5

TUCKER|MOORE GROUP, LLP
ATTORNEYS & COUNSELORS AT LAW
306 Branscome Drive
P.O. BOX 1487
GRENADA, MS 38902-1487
662-227-9940 (phone)
662-227-9941 (fax)
Email: carlos@tuckermoorelaw.com
Attorney for Plaintiff

Tina M. Bullock
Sanders Phillips Grossman Bullock, PLLC
3060 Peachtree Rd NW
Suite 1150
Atlanta, GA 30305
601-826-2055
Email: Tbullock@thesandersfirm.com
Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

  I, the undersigned, do hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

  THIS, the <u>21st</u> day of November, 2018.

*/s/ Michael S. Carr*_____
MICHAEL S. CARR, ESQ.
