IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RACHEL HARRIS, GUARDIAN OF**                                              **PLAINTIFF**
**STEVEN JESSIE HARRIS ON**
**BEHALF OF STEVEN JESSIE HARRIS**

**v.**                                             **CIVIL ACTION NO. 1:18-CV-167-DMB-RP**

**CLAY COUNTY, MISSISSIPPI, ET AL.**                              **DEFENDANTS**

## REBUTTAL IN SUPPORT OF MOTION TO DISMISS

Before the Court is the Motion to Dismiss, Docket No. 15, filed by Defendant Edwin C. LeGrand, III, in his individual and official capacities as the former Executive Director of the Mississippi Department of Mental Health. The First Amended Complaint alleges that LeGrand acted with the other defendants to deny Plaintiff Steven Harris mental health treatment in violation of the ADA and the Rehabilitation Act. *Id.* at ¶¶ 39-58. Additionally, Harris asserts a § 1983 claim of false imprisonment and a state law claim for infliction of emotional distress against LeGrand and the other defendants. *Id.* at ¶¶73-82.

In response to LeGrand's Motion to Dismiss, Harris acknowledges that the § 1983 claim for monetary damages against LeGrand in his official capacity is barred by his Eleventh Amendment immunity. Docket No. 19, Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, at 3. Harris also agrees that the § 1983 false arrest claim against LeGrand is barred by the applicable statute of limitations, and also should be dismissed due to a lack of personal involvement by LeGrand. Docket No. 19 at 4-5. As a result, Harris indicates that those allegations in the First Amended Complaint are withdrawn as to LeGrand. Docket No. 19 at 3-5. Remaining in dispute are

Harris's ADA and Rehabilitation Act claim, his § 1983 claim for injunctive relief, and his state law claim against LeGrand.

   I.   **ADA and Rehabilitation Act Claim.**

It is LeGrand's position that Harris has failed to state a valid claim under the ADA or the Rehabilitation Act, because he has not alleged that the defendants denied him the benefits of any services, programs, or activities because of his disability.  Harris's response is that the First Amended Complaint states a valid claim because it asserts that Harris "was excluded from participation in and/or denied the benefits of the services, programs, or activities of the Mississippi Department of Mental Health, and was subjected to discrimination by the Mississippi Department of Mental Health <u>due to his pre-trial detention status</u>."  Docket No. 19 at 3 (emphasis added). However, pre-trial detention status is not a disability within the meaning of the ADA or the Rehabilitation Act.

> The term "disability" means, with respect to an individual –
> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).

To establish a prima facie case under the ADA or the Rehabilitation Act, a plaintiff must show "(1) that she is a 'qualified individual' with a disability; (2) that the defendants are subject to one of the Acts; and (3) that she was 'denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, <u>by reason of her disability</u>.'" *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2nd Cir. 2015) (emphasis added) (quoting *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d

79, 85 (2nd Cir. 2004)). Harris may have a mental impairment for purposes of the ADA and Rehabilitation Act, but he has not alleged that LeGrand discriminated against him based on any such mental disability. As a result, he has failed to state a valid ADA or Rehabilitation Act claim.

Harris also asserts that he stated an ADA/Rehabilitation Act claim by alleging "that he was denied physician-recommended mental health treatment, was subjected to intramuscular injections which amounted to a 'chemical restraint' without due process." Docket No. 19 at 3. However, based on the authorities cited in LeGrand's memorandum supporting his motion to dismiss, the ADA prohibits disability-based discrimination, but it does not require any particular mental health treatment for jail detainees.[1] This claim against LeGrand should be dismissed.

## II.     § 1983 Claim for Injunctive Relief

Harris maintains that his § 1983 claim for injunctive relief is not barred by the Eleventh Amendment because *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) only bars claims for monetary damages, not claims for injunctive relief. However, LeGrand did not cite *Will* for that premise. Rather, LeGrand has argued that Harris's requests for injunctive relief do not fall within the *Ex parte Young* exception to state official Eleventh Amendment immunity. Harris asks this Court to enter an order enjoining the defendants from subjecting him to the purportedly illegal and unconstitutional conditions described in his First Amended Complaint, and requiring the defendants "to develop and implement, as soon as practical, a plan to eliminate the barriers incompetent prisoners face to access courts and mental health services." Docket No. 5 at p. 31. Because Harris

---

[1]Contrary to Harris's argument, the cases cited by LeGrand are sound authority to establish the elements of an ADA/Rehabilitation Act claim and for the legal premise that the ADA does not guarantee a particular level of medical care for pre-trial detainees, regardless of the stage in the litigation (dismissal versus summary judgment).

is no longer being detained, there is no alleged continuing violation of federal law subject to *Ex parte Young*. *Papasan v. Allain*, 478 U.S. 265, 277-78, 282 (1986); *Green v. Mansour*, 474 U.S. 64, 73 (1985). Moreover, as a former detainee, Harris may not seek injunctive relief related to the conditions of confinement of incompetent prisoners. *See Fairley v. Stalder*, 294 Fed. Appx. 805, 811 n.28 (5th Cir. 2008) (holding claims of former inmates for injunctive relief to avoid future constitutional deprivations during hurricanes to be moot); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding claims for injunctive relief related to asbestos exposure during incarceration were rendered moot upon transfer to another facility). As a result, LeGrand is entitled to dismissal of Harris's § 1983 claim for injunctive relief.

**III.     State Law Claim.**

Harris agrees that the Mississippi Tort Claims Act ("MTCA") governs his state law claim for infliction of emotional distress and that he has failed to provide the requisite notice under the MTCA. It is his contention that the notice requirement may be remedied in this case. However, "the Mississippi Supreme Court requires strict compliance with the MTCA's ninety-day notice provision," *Pickett v. Panola Cty., Miss.*, Civil Action No. 3:13-CV-95-DMB-SAA, 2015 WL 416967, *7 (N.D. Miss. Jan. 30, 2015), and has held that the notice requirement is jurisdictional, *Bunton v. King*, 995 So.2d 694, 695-96 (Miss. 2008). The Mississippi Court of Appeals recently addressed this issue, holding that a notice of claim filed after commencement of a lawsuit is insufficient to prevent dismissal.

> Under the MTCA, any person with a claim against a governmental entity must file a notice of the claim with the entity's chief executive officer at least ninety days before filing suit. Miss. Code Ann. § 11-46-11 (Rev. 2012). The purpose of pre-suit notice is to ensure that the governmental entity is informed of any claims against it. *O'Hara v. City of Hattiesburg*, 222 So.3d 314, 317 (¶ 8) (Miss. Ct. App. 2017).

> "Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice." *Price v. Clark*, 21 So.3d 509, 518 (¶ 16) (Miss. 2009). "[T]he ninety-day notice requirement ... is a hard-edged, mandatory rule which the [Supreme] Court strictly enforces." *Id.* at 519 (¶ 18) (quoting *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So.2d 815, 820 (¶ 23) (Miss. 2006)) (citations and internal quotation mark omitted). Therefore, "notice-of-claim letters ... filed after the suit is commenced will not constitute valid notice or prevent dismissal of a suit." *Id.* at 522 (¶ 29). A plaintiff's "failure to provide proper statutory notice cannot be cured by serving notice-of-claim letters after a complaint is filed." *Id.* at (¶ 30).

*Jones v. Miss. Institutions of Higher Learning*, ___ So.3d ___, 2016-CA-01050-COA, 2018 WL 3853409, *13 (Miss. Ct. App. Aug. 14, 2018). As a result, failure to comply with the MTCA notice requirement cannot be cured in this case.

Moreover, contrary to Harris's bald assertion otherwise, his state law claim is barred by the applicable one-year statute of limitations. Claims under the MTCA must be commenced within one year of the alleged actionable conduct. Miss. Code Ann. § 11-46-11(3)(a). Also, to the extent the Court finds that LeGrand was acting outside the course and scope of his employment for purposes of the state law claim, it similarly is barred by the one-year statute of limitations prescribed by Miss. Code Ann. § 15-1-35. LeGrand retired from the Mississippi Department of Mental Health effective June 30, 2014, and Harris has made no allegations against LeGrand occurring after his employment with the Department of Mental Health concluded. Because Harris did not file his initial complaint in this Court until September 4, 2018, his state law claim against LeGrand is time-barred and should be dismissed.

## **CONCLUSION**

For all of the above and foregoing reasons, Defendant Edwin C. LeGrand, III, respectfully requests that all claims against him be dismissed, and that he be dismissed as a defendant in this case.

                                Respectfully submitted,
                                EDWIN C. LEGRAND, III, Defendant

BY:    JIM HOOD, ATTORNEY GENERAL,
          STATE OF MISSISSIPPI

BY:    /s Mary Jo Woods
          MARY JO WOODS, MSB No. 10468
          SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3680
Facsimile: (601) 359-2003
Email: mwood@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

I, Mary Jo Woods, Special Assistant Attorney General of the State of Mississippi, do hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record, and that a true and correct copy of the foregoing document has been served via U.S. Mail, first class, postage prepaid, upon the following non-ECF participant:

Nancy Stewart
192 Lemon Tree Circle
Union Grove, Alabama  35175

THIS the 28th day of November, 2018.

/s Mary Jo Woods
Mary Jo Woods