## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**RACHEL HARRIS, GUARDIAN OF**       **PLAINTIFF**
**STEVEN JESSIE HARRIS ON BEHALF**
**OF STEVEN JESSIE HARRIS**

**v.**       **CIVIL ACTION NO.: 1:18cv167-DMB-RP**

**CLAY COUNTY, MISSISSIPPI et al**       **DEFENDANTS**

---

## ANSWER AND AFFIRMATIVE DEFENSES OF CLAY COUNTY, MISSISSIPPI AND SHERIFF EDDIE SCOTT

---

COME NOW Defendants Clay County, Mississippi and Sheriff Eddie Scott, in his individual and official capacities, and respond to the First Amended Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted. A cursory review by Plaintiff of his own medical records at the East Mississippi State Hospital would have confirmed to Plaintiff had he failed to recall same that Plaintiff arrived at the East Mississippi State Hospital on June 6, 2016 and remained resident there until discharged to his family on or about August 15, 2017. The original Complaint in this cause was filed on September 4, 2018 or two years and ninety-one days after Plaintiff was no longer resident at the Clay County Correctional Facility. All allegations by Plaintiff against these Defendants are for events or omissions when Plaintiff was resident at the Clay County Correctional Facility. Clear precedent has unequivocally established that all state law claims are time barred and also barred by the exemption from liability of these Defendants of Miss. Code Ann. § 11-46-9(1)(m). Plaintiff is knowingly pursuing multiple claims he is aware are barred as a matter of law by multiple statutes

of limitations plus the exemption from liability noted. Plaintiff failed to comport with his duty of investigation under Rule 11 of the F. R. Civ. P. including of reviewing his own medical records prior to filing suit. All claims are barred by Plaintiffs' failure to meet the heightened pleading requirements of 42 U.S.C. § 1983. Plaintiff asserts conclusory allegations which are insufficient as a matter of law to state a cause of action.

These Defendants assert that "Document 1" in the court file of the Circuit Court of Clay County, Mississippi in cause #8894 accurately reflects the Grand Jury indictment against the purported ward Harris of Plaintiff. "Document 2" from the same Circuit Court of Clay County, Mississippi cause #8894 court file reflects some of the history of the criminal proceedings against Harris except one filing in document 2 in said court file was filed sealed and so the contents are not yet published. The Municipal Court of West Point, Mississippi reflects Plaintiff's arrest and initial court events and for which a Circuit Judge appointed Harris a public defender. Plaintiff's pre suit tort notice was dated May 9, 2018 and given eleven months after the one year statute of limitations of the Mississippi Tort Claims Act expired. The notice is void as a matter of law.

## Second Defense

Defendants invoke all defenses available to them individually, separately, and as set forth in Federal Rule of Civil Procedures 12(b)(1) through 12(b)(7) for which a good faith and legal and/or factual basis exists or may exist in their favor. These Defendants also assert good faith and the absence of malice.

## Third Defense

These Defendants each plead any and all applicable avoidance and affirmative defenses including those contained in Federal Rule of Civil Procedure 8© including but not limited to contributory negligence, intervening cause, estoppel, fraud, illegality, assumption of risk, statutes

of limitations, waiver, and these Defendants reserve all other defenses not specifically asserted in the affirmative herein. At minimum, all claims not asserted against a person for purposes of 42 U.S.C. § 1983 are barred by a statute of limitations including that of the Mississippi Tort Claims Act of one year at Miss. Code Ann. §11-46-11. Subsection (4) of said statute was declared void and unconstitutional by _University of Mississippi Medical Center v. Robinson,_ 876 So 2d 337 (Miss 2004) and as a result of same and the wording of the Mississippi Tort Claims Act then there is no savings from the running of the statutes of limitations based on unsoundness of mind. As this statute is the most closely analogous to the applicable statute of limitations for Mississippi to the alleged deprivation of civil rights under 42 U S C § 1983 then the one year statute of limitations should apply on this case also for all claims asserted under 42 U S C § 1983 or at least bar all such claims accruing three years or more prior to filing those or on or before September 4, 2015. The medical based claims were not only omitted entirely from the pre suit tort notice in violation of state law but also are alleged against Defendants who are not persons for purposes of 42 U. S. C. § 1983 as well as are barred additionally by the statute of limitations of Miss. Code Ann. § 15-1-36.

**Fourth Defense**

Plaintiff is not entitled to any relief and no recovery may be had for the reasons contained in this answer because none of these defendants have violated any law. There can be no recovery for damages including any asked for in the First Amended Complaint for the reasons that all actions were in good faith and predicated upon reasonable and just grounds and same did not constitute any violation of law and even if true as stated in the First Amended Complaint, do not rise to the level of an actual or constitutional tort, or other violation of law.

**Fifth Defense**

All conditions of confinement met all Constitutional standards at all times. There is an absence of deliberate indifference to any of Plaintiff's needs.

**Sixth Defense**

The Defendants by way of affirmative defense aver that the proximate causes or contributing proximate causes or independent intervening causes or efficient superseding causes and/or contributory negligence as to or of the Plaintiff's injuries and damages, if any, were due to Plaintiff's own conduct and/or condition and/or other causes other than any connection to any act or omission of any of these Defendants. Accordingly, Plaintiff's damages, if any, should be barred or alternatively reduced and/or allocated in accordance with Plaintiff's percentage of fault and/or the fault of other persons or parties and/or absent parties and/or immune parties or actors.

**Seventh Defense**

Defendants assert all available immunities, including but not limited to, good faith immunity, public officials immunity, qualified immunity, absolute immunity, discretionary immunity, and qualified privilege. Sheriff Eddie Scott is entitled to qualified immunity.

**Eighth Defense**

All state law claims are barred by the Mississippi Tort Claims Act including but not limited to the exemptions from liability of Miss. Code Ann § 11-46-9(1)(a) judicial or administrative act or omission, and/or(b) absence of duty, and/or (d) discretionary function, and/or (m) inmate claim exemption, and/or ®. The pre suit notice limits the claims that may be brought under state law as only those claims noticed may be pursued in the First Amended Complaint. Defendants assert that a jury trial is expressly prohibited by the Mississippi Tort Claims Act for all state law claims. The tort cap is asserted as well as individual immunity for Sheriff Scott by virtue of Miss. Code Ann. § 11-46-5(3), Miss. Code Ann. § 11-46-7(2), Miss.

Code Ann. § 11-46-7(7), and the exemptions of Miss. Code Ann. § 11-46-9(1).

### Ninth Defense

The responding Defendants assert that they each are entitled to all defenses of statutes of limitations, or the equitable doctrine of laches, and statutes of repose in that the claims asserted may be time barred. No waivers are made as to any available defense and a full and complete reservation is made as to any matter in defense of this cause.

### Tenth Defense

Defendant Scott had no personal involvement in the causative events alleged and/or the conditions complained of relative to any injury to Plaintiff. Plaintiff's treatment, health care, and conditions of confinement were Constitutional in all aspects. Defendant Scott is entitled to qualified immunity from liability as well as suit. These asserted immunities for these Defendants include all available under federal law, state law, and common law. Some or all claims are or may be barred by Plaintiff's waiver, estoppel, lapse, or the doctrine of avoidable consequences.

### Eleventh Defense

All damages are due to the actions or omissions of Plaintiff or others absent in this lawsuit and/or absent as named parties. All claims are barred by superseding or intervening causation. Any damages are also barred by independent or intervening causes that superseded any alleged wrong by Defendants and such other acts or omissions constitute the sole proximate cause or causes of any and all damages, if any. All claims are subject to allocation under Miss. Code Ann. § 85-5-7 as well as subject to comparative fault and subject to Miss. Code Ann. § 11-7-15. Damages for losses are also restricted by Miss. Code Ann. § 11-1-69 which states that "there shall be no recovery for loss of enjoyment of life."

**Twelfth Defense**

Punitive damages are not available against either or both of these Defendants including under Section 1983. Each Defendant invokes all affirmative defenses including those as to punitive damages Defendants assert their rights to the safeguards of the Equal Protection due process clauses of the U.S. Constitution as well as Article 3, Section 14 of the Mississippi Constitution. Defendants assert their entitlement to bifurcation, no later than trial, of punitive damages

**Thirteenth Defense**

Plaintiffs have failed or fail to adequately plead the elements of 42 U.S.C. § 1983 and the other federal statutes asserted in the First Amended Complaint including the failure to allege an involved county or Sheriff policy or custom. All claims that functionally assert that these Defendants performed functions or acted or failed to perform functions or failed to act for actions or functions controlled by State of Mississippi actors or the State of Mississippi as directed actions or omissions also then give these Defendants immunity afforded by the Eleventh Amendment of the United States Constitution.

**Fourteenth**: **Answer**

These Defendants respond to the particularized aspects of the First Amended Complaint as follows:

1.     The allegations of paragraph 1 are denied. Defendants note Plaintiff has intentionally omitted suing on the Fourth Amendment.

2.     The allegations of paragraph 2 are denied plus moot as Plaintiff is not in the custody of these Defendants.

3.     The allegations of paragraph 3 do not call for any response from these Defendants and address matters within state government. To the extent these allegations seek damages from

these Defendants then same are denied.

4.      The allegations of paragraph 4 do not call for any response from these Defendants and address matters within state government. To the extent these allegations seek damages from these Defendants then same are denied.

5.      The allegations of paragraph 5 do not call for any response from these Defendants and address matters within state government. To the extent these allegations seek damages from these Defendants then same are denied.

6.      The allegations of paragraph 6 to the extent they relate to these Defendants are denied except it is admitted that if jurisdiction is established at the high level of pleading specificity required to meet the elements of claims asserted under 42 U.S.C. § 1983 then this Court would be the proper Court for both venue and jurisdiction. No federal claim has been properly pled so the Court remains without jurisdiction. Defendants note Plaintiff has intentionally omitted suing on the Fourth Amendment.

7.      The allegations of paragraph 7 to the extent they relate to these Defendants are denied. It is expressly denied that Rachel is the legal guardian of Steven Jessie Harris. Rachel presented a petition for guardianship to the Chancery Court of Clay County, Mississippi and was rejected. Apparently without dismissing said court matter, she filed another petition for appointment as guardian to a different Judge in a different Chancery Court. Apparently Rachel failed to file any document in the second Chancery Court informing the new Judge of her prior rejection by another Chancellor or that the Chancery Court of Clay County, Mississippi first acquired jurisdiction of the matter. The first Chancellor retained jurisdiction as a matter of law thereby precluding the second Chancellor from ever acquiring jurisdiction. Any court order from the second Chancellor then is a void court order of appointment. Rachel has no authority to pursue this action. Plaintiff has no standing to sue.

8.      The allegations of paragraph 8 to the extent they seek relief from these Defendants are denied. It is admitted that Clay County is a body politic subdivision of the State of Mississippi and has been available for service of process through the Chancery Clerk of Clay County, Mississippi.

9.      The allegations of paragraph 9 to the extent they relate to these Defendants are denied. It is admitted that Laddie Huffman is a former Sheriff of Clay County, Mississippi who last held office as Sheriff during the first week of January of 2012.

10.     The allegation of paragraph 10 to the extent they relate to these Defendants are denied. There is no federal cause of action stated and no jurisdiction. Sheriff Eddie Scott of Clay County, Mississippi became Sheriff of Clay County, Mississippi for the first time when sworn into office the first week of January 2012 and has been the Sheriff since that time.

11.     The allegations of paragraph 11 to the extent they relate to these Defendants are denied. It is admitted that Forrest Allgood was previously the District Attorney of the Sixteenth Judicial Circuit Court District of the State of Mississippi, was never employed by Clay County, Mississippi, and that the state legislature placed Clay County, Mississippi in the state subdivision described as the Sixteenth Judicial Circuit Court District of the State of Mississippi. This state subdivision has not been named a Defendant in this cause.

12.     The allegations of paragraph 12 to the extent they relate to these Defendants are denied. It is admitted that Thad Buck was previously appointed by the Judges of the Sixteenth Judicial Circuit Court District of the State of Mississippi as a public defender, that a public defender as a matter of law is not a person for purposes of 42 U S C § 1983, acted legally as the lawyer for Steven Jesse Harris as reflected in the Circuit Court file Circuit Court of Clay County, Mississippi in cause #8894, was never an employee or under the direction or control of or by Clay County, Mississippi, and that the state legislature placed Clay County, Mississippi in the

state subdivision described as the Sixteenth Judicial Circuit Court District of the State of Mississippi. This state subdivision has not been named a Defendant in this cause but is the entity that appointed Thad Buck as public defender for Steven Jessie Harris. Inclusion of such public defender as a defendant in this cause evidences the waiver by Steven Jessie Harris of any attorney client privilege for such public defender.

13.     The allegations of paragraph 13 to the extent they relate to these Defendants are denied. It is admitted that Nancy Stuart was previously appointed by the Judges of the Sixteenth Judicial Circuit Court District of the State of Mississippi as a public defender, that a public defender as a matter of law is not a person for purposes of 42 U S C § 1983, acted legally as the lawyer for Steven Jesse Harris as reflected in the Circuit Court file Circuit Court of Clay County, Mississippi in cause #8894, was never an employee or under the direction or control of or by Clay County, Mississippi, and that the state legislature placed Clay County, Mississippi in the state subdivision described as the Sixteenth Judicial Circuit Court District of the State of Mississippi. This state subdivision has not been named a Defendant in this cause but is the entity that appointed Nancy Stuart as public defender for Steven Jessie Harris. Inclusion of such public defender as a defendant in this cause evidences the waiver by Steven Jessie Harris of any attorney client privilege for such public defender. At the same time Nancy Stuart was appointed public defender for Steven Jessie Harris another public defender attorney named Richard Burdine was also appointed as the public defender for Steven Jessie Harris. Nancy Stuart was released by court order as the public defender for Steven Jessie Harris but Richard Burdine was not released and so served as the second public defender along with successors to Nancy Stuart.

14.     The allegations of paragraph 14 to the extent they relate to these Defendants are denied. Nurse West was not and has not been an employee of these Defendants. Any claim against her or other health care professionals would have to proceed under the malpractice

statutes of Mississippi for health care professionals and such claims are barred by the statute of limitations. Such health care professionals are not persons for purposes of 42 U S C § 1983.

15.     The allegations of paragraph 15 to the extent they relate to these Defendants are denied.

16.     The allegations of paragraph 16 to the extent they relate to these Defendants are denied. It is admitted that Pearson Liddell, Jr. was previously appointed by the Judges of the Sixteenth Judicial Circuit Court District of the State of Mississippi as a public defender, that a public defender as a matter of law is not a person for purposes of 42 U S C § 1983, acted legally as the lawyer for Steven Jesse Harris as reflected in the Circuit Court file Circuit Court of Clay County, Mississippi in cause #8894, was never an employee or under the direction or control of or by Clay County, Mississippi, and that the state legislature placed Clay County, Mississippi in the state subdivision described as the Sixteenth Judicial Circuit Court District of the State of Mississippi. This state subdivision has not been named a Defendant in this cause but is the entity that appointed Pearson Liddell, Jr. as public defender for Steven Jessie Harris. Inclusion of such public defender in this cause as a defendant evidences the waiver by Steven Jessie Harris of any attorney client privilege for such public defender. At the same time Pearson Liddell, Jr. was appointed public defender for Steven Jessie Harris another public defender attorney named Richard Burdine continued as attorney of record for Steven Jessie Harris

17.     The allegations of paragraph 17 to the extent they relate to these Defendants are denied.

18.     The allegations of paragraphs 18 to the extent they relate to these Defendants are denied except it is admitted that Steven Jessie Harris was treated by health care professionals for mental illness.

19.     The allegations of paragraph 19 to the extent they relate to these Defendants are

denied except it is admitted that Steven Jessie  Harris was treated by health care professionals for mental illness.

20.     The allegations of paragraph 20  to the extent they relate to these Defendants are denied. Steven Jessie  Harris was arrested pursuant to certain arrest warrants issued by the Municipal Judge of West Point, Mississippi and the Grand Jury indictments list the multiple violent heinous  crimes Steven Jessie  Harris was indicted on.

21.     The allegations of paragraph 21 to the extent they relate to these Defendants are denied. Plaintiff was arrested by another entity, taken into custody by the then Clay County Sheriff based  on a municipal court order, held in custody for some periods of time pursuant to court orders when Harris was not in a hospital for health care or evaluation, and was moved pursuant to a court order of June 6, 2016 into a hospital and not returned to Clay County, Mississippi.

22.     The allegations of paragraph 22 to the extent they relate to these Defendants are denied. The court file reflects the proceedings.

23.     The allegations of  paragraph 23 to the extent they relate to these Defendants are denied.

24.      The allegations of  paragraph 24 to the extent they relate to these Defendants are denied.

25.      The allegations of  paragraph 25 to the extent they relate to these Defendants are denied.

26     The allegations of  paragraph 26 to the extent they relate to these Defendants are denied. The noted rule was enacted long after Harris left Clay County.

27.      The allegations of  paragraph 27 to the extent they relate to these Defendants are denied.

28.     The allegations of paragraph 28 to the extent they relate to these Defendants are denied.

29.     The allegations of paragraph 29 to the extent they relate to these Defendants are denied.

30.     The allegations of paragraph 30 to the extent they relate to these Defendants are denied. It is admitted that Harris wrote letters to entities such as television stations, newspapers, and other recipients.

31.     The allegations of paragraph 31 to the extent they relate to these Defendants are denied.

32.     The allegations of paragraph 32 to the extent they relate to these Defendants are denied.

33.     The allegations of paragraph 33 to the extent they relate to these Defendants are denied.

34.     The allegations of paragraph 34 to the extent they relate to these Defendants are denied.

35.     The allegations of paragraph 35 to the extent they relate to these Defendants are denied.

36.     The allegations of paragraph 36 to the extent they relate to these Defendants are denied. Harris received constitutionally compliant health care while in the custody of these Defendants.

37.     The allegations of paragraph 37 to the extent they relate to these Defendants are denied. The court files speak for themselves.

38.     The allegations of paragraph 38 to the extent they relate to these Defendants are denied.

39.     The allegations of paragraph 39 to the extent they relate to these Defendants are denied.

40.     The allegations of paragraph 40 to the extent they relate to these Defendants are denied. Harris received constitutionally compliant health care while in the custody of these Defendants.

41.     The allegations of paragraph 41 to the extent they relate to these Defendants are denied. Harris received constitutionally compliant health care while in the custody of these Defendants.

42.     The allegations of paragraph 42 to the extent they relate to these Defendants are denied.

43.     The allegations of paragraph 43 to the extent they relate to these Defendants are denied.

44.     The allegations of paragraph 44 to the extent they relate to these Defendants are denied. Harris had immediate access to the Courts via the Municipal Courts of West Point, Mississippi, the Circuit Court of Clay County, Mississippi via the Sixteenth Circuit Court Judicial District, and his representation at all material times by public defenders.

45.     The allegations of paragraph 45 to the extent they relate to these Defendants are denied.

46.     The allegations of paragraph 46 (a-f) to the extent they relate to these Defendants are denied.

47.     The allegations of paragraph 47 to the extent they relate to these Defendants are denied.

48.     The allegations of paragraph 48 to the extent they relate to these Defendants are denied.

49.     The allegations of paragraph 49 to the extent they relate to these Defendants are denied.

50.     The allegations of paragraph 50 to the extent they relate to these Defendants are denied. It is admitted no punitive damages may be allowed.

51.     The allegations of paragraph 51 to the extent they relate to these Defendants are denied. The life sentence was paid by the man whose murder Harris was indicted for.

52.     The allegations of paragraph 52 to the extent they relate to these Defendants are denied.

53.     The allegations of paragraph53 to the extent they relate to these Defendants are denied.

54.     The allegations of paragraph 54 to the extent they relate to these Defendants are denied.

55.     The allegations of paragraph 55 to the extent they relate to these Defendants are denied.

56.     The allegations of paragraph 56 to the extent they relate to these Defendants are denied.

57.     The allegations of paragraph 57 to the extent they relate to these Defendants are denied.

58.     The allegations of paragraph 58 to the extent they relate to these Defendants are denied.

59.     The allegations of paragraph 59 to the extent they relate to these Defendants are denied.

60.     The allegations of paragraph 60 to the extent they relate to these Defendants are denied.

61.     The allegations of paragraph 61 to the extent they relate to these Defendants are denied.

62.     The allegations of paragraph 62 to the extent they relate to these Defendants are denied.

63.     The allegations of paragraph 63 to the extent they relate to these Defendants are denied. The court file reflects the accurate history.

64.     The allegations of paragraph 64 to the extent they relate to these Defendants are denied.

65.     The allegations of paragraph 65 to the extent they relate to these Defendants are denied.

66.     The allegations of paragraph 66 to the extent they relate to these Defendants are denied.

67.     The allegations of paragraph 67 to the extent they relate to these Defendants are denied.

68.     The allegations of paragraph 68 to the extent they relate to these Defendants are denied.

69.     The allegations of paragraph 69 to the extent they relate to these Defendants are denied.

70.     The allegations of paragraph 70 to the extent they relate to these Defendants are denied.

71.     The allegations of paragraph 71 to the extent they relate to these Defendants are denied.

72.     The allegations of paragraph 72 to the extent they relate to these Defendants are denied.

73.    The allegations of paragraph 73 to the extent they relate to these Defendants are denied.

74.    The allegations of paragraph 74 to the extent they relate to these Defendants are denied.

75.    The allegations of paragraph 75 to the extent they relate to these Defendants are denied.

76.    The allegations of paragraph 76 to the extent they relate to these Defendants are denied.

77.    The allegations of paragraph 77 to the extent they relate to these Defendants are denied.

78.    The allegations of paragraph 78 to the extent they relate to these Defendants are denied. These claims are all barred as a matter of law.

79.    The allegations of paragraph 79 to the extent they relate to these Defendants are denied.

80.    The allegations of paragraph 80 to the extent they relate to these Defendants are denied.

81.    The allegations of paragraph 81 to the extent they relate to these Defendants are denied.

82.    The allegations of paragraph 82 to the extent they relate to these Defendants are denied.

83.    The allegations of paragraph 83 to the extent they relate to these Defendants are denied.

84.    The allegations of paragraph 84 to the extent they relate to these Defendants are denied.

85.     The allegations of paragraph 85 to the extent they relate to these Defendants are denied.

86.     The allegations of paragraph 86 to the extent they relate to these Defendants are denied.

87.     The allegations of paragraph 87 to the extent they relate to these Defendants are denied.

88.     The allegations of paragraph 88 to the extent they relate to these Defendants are denied.

89.     The allegations of paragraph 89 to the extent they relate to these Defendants are denied.

90.     The allegations of paragraph 90 to the extent they relate to these Defendants are denied.

91.     The allegations of paragraph 91 to the extent they relate to these Defendants are denied.

92.     The allegations of paragraph 92 to the extent they relate to these Defendants are denied.

93.     The allegations of paragraph 93 to the extent they relate to these Defendants are denied.

94.     The allegations of paragraph 94 to the extent they relate to these Defendants are denied.

95.     The allegations of paragraph 95 to the extent they relate to these Defendants are denied.

96.     The allegations of paragraph 96 to the extent they relate to these Defendants are denied.

97.    The allegations of paragraph 97 to the extent they relate to these Defendants are denied.

98.    The allegations of paragraph 98 to the extent they relate to these Defendants are denied.

99.    The allegations of paragraph 99 to the extent they relate to these Defendants are denied.

100.    The allegations of paragraph 100 to the extent they relate to these Defendants are denied.

101.    The allegations of paragraph 101 to the extent they relate to these Defendants are denied.

102.    The allegations of paragraph 102 to the extent they relate to these Defendants are denied.

103.    The allegations of paragraph 103 to the extent they relate to these Defendants are denied.

104.    The allegations of paragraph 104 to the extent they relate to these Defendants are denied.

105.    The allegations of paragraph 105 to the extent they relate to these Defendants are denied.

106.    The allegations of paragraph 106 to the extent they relate to these Defendants are denied.

107.    The allegations of paragraph 107 to the extent they relate to these Defendants are denied.

108.    The allegations of paragraph 108 to the extent they relate to these Defendants are denied.

109.    The allegations of paragraph 109 to the extent they relate to these Defendants are denied.

110.    The allegations of paragraph 110 to the extent they relate to these Defendants are denied.

111.    The allegations of paragraph 111 to the extent they relate to these Defendants are denied.

112.    The allegations of paragraph 112 to the extent they relate to these Defendants are denied.

113.    The allegations of paragraph 113 to the extent they relate to these Defendants are denied.

114.    The allegations of paragraph 114 to the extent they relate to these Defendants are denied.

115.    The allegations of paragraph 115 to the extent they relate to these Defendants are denied.

116.    The allegations of paragraph 116 to the extent they relate to these Defendants are denied.

117.    The allegations of paragraph 117 to the extent they relate to these Defendants are denied.

118.    The allegations of paragraph 118 to the extent they relate to these Defendants are denied.

119.    The allegations of paragraph 119 to the extent they relate to these Defendants are denied.

120.    The allegations of paragraph 120 to the extent they relate to these Defendants are denied.

121.    The allegations of paragraph 121 to the extent they relate to these Defendants are denied.

122.    The allegations of paragraph 122 to the extent they relate to these Defendants are denied.

123.    The allegations of paragraph 123 to the extent they relate to these Defendants are denied.

124.    The allegations of paragraph 124 to the extent they relate to these Defendants are denied.

125.    The allegations of paragraph 125 to the extent they relate to these Defendants are denied.

126.    The allegations of paragraph 126 to the extent they relate to these Defendants are denied.

127.    The allegations of paragraph 127 to the extent they relate to these Defendants are denied.

128.    The allegations of paragraph 128 to the extent they relate to these Defendants are denied.

129.    The allegations of paragraph 129 to the extent they relate to these Defendants are denied.

130.    The allegations of paragraph 130 to the extent they relate to these Defendants are denied.

131.    The allegations of paragraph 131 to the extent they relate to these Defendants are denied.

132.    The allegations of paragraph 132 to the extent they relate to these Defendants are denied.

133.    The allegations of paragraph 133 to the extent they relate to these Defendants are denied.

134.    The allegations of paragraph 134 to the extent they relate to these Defendants are denied.

135.    The allegations of paragraph 135 to the extent they relate to these Defendants are denied.

136.    The allegations of paragraph 136 to the extent they relate to these Defendants are denied.

137.    The allegations of paragraph 137 to the extent they relate to these Defendants are denied.

138.    The allegations of paragraph 138 to the extent they relate to these Defendants are denied.

139.    The allegations of paragraph 139 to the extent they relate to these Defendants are denied.

140.    The allegations of paragraph 140 to the extent they relate to these Defendants are denied.

141.    The allegations of paragraph 141 to the extent they relate to these Defendants are denied.

142.    The allegations of paragraph 142 to the extent they relate to these Defendants are denied.

143.    The allegations of paragraph 143 to the extent they relate to these Defendants are denied.

144.    The allegations of paragraph 144 to the extent they relate to these Defendants are denied.

145.     The allegations of paragraph 145 to the extent they relate to these Defendants are denied.

146.     The allegations of paragraph 146 to the extent they relate to these Defendants are denied.

147.     The allegations of paragraph 147 to the extent they relate to these Defendants are denied.

148.     The allegations of paragraph 148 to the extent they relate to these Defendants are denied.

149.     The allegations of paragraph 149 to the extent they relate to these Defendants are denied.

150.     The allegations of paragraph 150 to the extent they relate to these Defendants are denied.

151.     The allegations of paragraph 151 to the extent they relate to these Defendants are denied.

152.     The allegations of paragraph 152 to the extent they relate to these Defendants are denied.

153.     The allegations of paragraph 153 to the extent they relate to these Defendants are denied.

154.     The allegations of paragraph 154 to the extent they relate to these Defendants are denied.

155.     The allegations of paragraph 155 to the extent they relate to these Defendants are denied.

156.     The allegations of paragraph 156 to the extent they relate to these Defendants are denied.

157.    The allegations of the "Prayer" and each subsection of same at A-D are denied.

All allegations not expressly admitted are denied including all claims for damages. Defendants

request that the First Amended Complaint be dismissed with prejudice and that the Court grant

such other relief as is necessary including attorneys fees to these Defendants as a prevailing party

and taking into account causes clearly barred as a matter of law.

Respectfully Submitted this the 19th day of December, 2018.

> Clay County, Mississippi and Sheriff
> Eddie Scott in his official and individual
> capacities, Defendants
>
> By:/s/*Katherine S. Kerby*
>  Katherine S. Kerby, MSB # 3584

OF COUNSEL:
Katherine S. Kerby MSB# 3584
Kerby Law Firm L.L.C.
P.O. Box 551
Columbus, Ms 39703
telephone:662-889-3733
fax:662-328-9553
www.kerbylaw.com
ksearcyk@bellsouth.net

## CERTIFICATE OF SERVICE

I, Katherine S. Kerby, attorney for Clay County, Mississippi and Sheriff Eddie Scott in

his official and individual capacities, Defendants, certify that I have this day filed a true and

correct copy of the foregoing with the Clerk of the Court using the  ECF system which sent

notification of such filing to all counsel of record and that a true and correct copy of the

foregoing document has been served via U S Mail, postage prepaid, upon the following non ECF

participant : Nancy Stuart, 192 Lemon Tree Circle, Union Grove, Alabama 35175.

This the 19th day of December, 2018.

> / s/ *Katherine S. Kerby*
>
> Katherine S. Kerby