**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN  DIVISION**

**RACHEL HARRIS, GUARDIAN OF**                                    **PLAINTIFF**
**STEVEN JESSIE HARRIS ON BEHALF**
**OF STEVEN JESSIE HARRIS**

**v.**                                                    **CIVIL ACTION NO.: 1:18cv167-DMB-RP**

**CLAY COUNTY, MISSISSIPPI et al**                              **DEFENDANTS**

---

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS BY LADDIE HUFFMAN BASED**
**ON SOVEREIGN IMMUNITY, THE STATUTE OF LIMITATIONS, FAILURE TO**
**STATE A CLAIM, AND DUE TO THE FAVORABLE TERMINATION REQUIREMENT**
**OF THE HECK v. HUMPHREY DOCTRINE**

---

## I. INTRODUCTION

Defendant Laddie Huffman is sued in his official and individual capacities. Laddie

Huffman is a former Sheriff of Clay County, Mississippi who last held office as the Sheriff of

Clay County, Mississippi on January 2, 2012. He has no official capacity that attaches to Clay

County, Mississippi as he is no longer the Sheriff of Clay County, Mississippi. Even if Laddie

Huffman were still Sheriff, a suit against a governmental officer in his official capacity is

nothing more than a suit against the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25

(U.S.1991).

The present Motion for Laddie Huffman is made for every capacity for which he has

been sued. See Motion Exhibit A for excerpts from the certified election results published by the

Mississippi Secretary of State for Clay County, Mississippi in relevant part to this lawsuit for the

most recent three successive elections of Sheriff of Clay County, Mississippi. Plaintiff omitted

material allegations of time from her Complaint including as to Laddie Huffman so the official

Page 1 of  26

public record is attached to make the time frame clear. Exhibit A reflects Laddie Huffman elected Sheriff of Clay County, Mississippi by General Election on November 6, 2007 for a statutory four year term that expired at the swearing in of a successor Sheriff of Clay County, Mississippi. State law sets the term of office of Sheriff as four years beginning the first Monday in January following the General Election. Exhibit A reflects that Laddie Huffman was not elected Sheriff after November 6, 2007. Exhibit A reflects the election of Eddie Scott as Sheriff of Clay County, Mississippi on November 8, 2011 and again on November 3, 2015 for successive four year terms. Laddie Huffman is sued only for events alleged as to his capacity as Sheriff of Clay County. It is an impossibility for Laddie Huffman to be liable for alleged events after he was no longer Sheriff. There is no personal involvement in events complained of by Laddie Huffman or causal connection with any injuries due to actions or omissions of Laddie Huffman.

Plaintiff Rachel Harris (Guardian or Plaintiff) sued as Guardian of her ward Steven Jessie Harris (ward Harris or Steven) on September 4, 2018 followed by the operative Amended Complaint filed September 27, 2018 docket # 5. The operative Complaint should be dismissed with prejudice as it fails to state a claim for which relief can be granted, due to expiration of the statute of limitation and/or the bar of the *Heck v Humphrey* doctrine plus all state law claims are extinguished by Mississippi sovereign immunity by virtue of the inmate exemption from liability found at Miss. Code Ann. § 11-46-9(1)(m). The claims for declaratory and/or injunctive relief are moot. Ward Harris is not in Laddie Huffman's custody. Defendant Huffman has not been the Clay County Sheriff since January 2, 2012.

## II. FACTUAL BACKGROUND

The First Amended Complaint, Exhibit A noted above from the Mississippi Secretary of

State, and Court file public records are Exhibits to this Motion and supply the fact predicate. Exhibit B is a certified copy of the court order dismissing the criminal charges against ward Harris for which he was arrested, detained, and indicted as alleged in the First Amended Complaint. The court order Exhibit B was signed by Circuit Court Judge Lee J. Howard who thereby dismissed the criminal charges against ward Harris without prejudice by virtue of an order of nolle prosequi on July 25, 2017. Exhibit C is the Grand Jury indictment of ward Harris. Exhibit D filed as parts 1 and 2 due to volume is the Municipal Court file of the City of West Point for the arrest and initial court proceedings of ward Harris. Exhibit E filed as parts 1 through 5 due to volume is document #2 from the same Court file as Exhibit B. This reflects all documents in said court file from inception until May 30, 2016 when the Circuit Clerk of Clay County achieved access for the public to court files by electronic means. Multiple parties may now refer to these Exhibits as they are in the record of this case.

Count I claims denial of access to Courts under the Thirteenth and Fourteenth Amendments as well as the ADA at Title II and the "Rehab Act." Docket #5 page ID# 33. Count II is for malicious prosecution which Plaintiff explicitly states is brought pursuant to 42 U.S.C. § 1983. Docket #5 at page ID# 38. Count III asserts False Imprisonment. Docket #5 at page ID# 40. Count IV asserts a "STATE LAW CLAIM PER THE MISSISSIPPI TORT CLAIMS ACT." Docket #5 at page ID# 41. Count V alleges a Fourteenth Amendment violation of due process rights for "involuntary administration of medication." Docket #5 at page ID# 42. Counts VI, VII, VIII are not alleged against Laddie Huffman.

Every Count refers in the first paragraph under the title for same that all prior allegations are re-alleged. See Docket #5 at ¶ ¶ 39, 59, 73, 78, and 83. Despite this shotgun pleading no specific facts alleged as to Laddie Huffman in the First Amended Complaint docket #5 are

ever stated. Laddie Huffman's name appears in the opening paragraph of the operative Complaint docket #5 and thereafter in ¶ 9, ¶ 20 claiming the arrest, the introduction to Count 1 page ID#33, the introduction to Count II at page ID#38, ¶ 65 claiming a legal duty to civilly commit Harris, the introductory paragraph to Count III at page ID#40, ¶ 40 for claimed false imprisonment within the scope of employment, ¶ 77 as policymaker status, and in the introductory paragraph to Count V at page ID#42. Only paragraph 20 claiming Laddie Huffman arrested ward Harris states any facts with particularity as to Laddie Huffman. The paucity of alleged facts as to Laddie Huffman is fatal to all claims against him.

Alleged personal involvement by Laddie Huffman as an individual is non existent. Personal involvement is an essential element. *Thompson v. Steele*, 709 F. 2d 381, 382 (5ᵗʰ Cir. 1983); *Patterson v. City of McComb, Mississippi*, 2018 WL 4956123, *4 (S. D. Miss. Oct. 12. 2018). Court orders in the Court file exhibits directed to the then Sheriff of Clay County, Mississippi include numerous orders issued by the lawful authorities. There is no allegation that Laddie Huffman violated any court order. His name simply appears in successive litany lists of names of Defendants.

### III. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides in relevant part that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *In re McCoy*, 666 F. 3d 924, 926 (5ᵗʰ Cir. 2012). Matters of public record may be referred to and relied upon for a Rule 12(b)(6) assessment. *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F. 3d 285, 288 (5ᵗʰ Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5ᵗʰ Cir. 2000). The Court may take "judicial notice of documents in the public record..., and may consider such documents in determining a motion to

dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005).

Under Rule 12(b)(6) "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plaints Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002). Under this standard, a court must "accept all well-pleaded facts as true. *New Orleans City v. Ambac Assurance Corp.*, 815 F. 3d 196, 199-200 (5th Cir. 2016). "Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Thomas v. University of Mississippi*, 2018 WL 6613807, *2 (N.D. Miss. Dec. 17, 2018)(citing *Webb v. Morella*, 522 F. App'x. 238, 241(5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F. 3d 148, 152-53(5th Cir. 2010).

"First, conclusory allegations and unwarranted deductions of fact are not accepted as true." *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F. 2d 1045, 1050 (5th Cir. 1982). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,127 S. Ct. 1955, 1965,167 L.Ed. 2d 929 (2007) quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986).

" A Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*,127 S. Ct. at 1974. *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F. 3d 201, 210(5th Cir. 2010). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678,129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting *Twombly*, 550 U.S. at 544.) See *Bright for Doe v. Tunica County School District*, 2017 WL 3996409, *2,*3 ( N.D. Miss. Sept. 11, 2017). "The tenet that a Court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662,129 S. Ct. 1937,1949, 173 L. Ed. 2d 868 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief...[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. 678. Plaintiff fails to state a federal claim due to the absence of sufficient factual allegations required to support any claim and the facts alleged demonstrate an absolute bar to all claims.

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Federal and State Law Claims Fail as a Matter of Law

#### 1. *Heck v. Humphrey* Doctrine

All claims are barred by the *Heck v. Humphrey* doctrine based on the pleadings and the public records attached to the Motion. See Exhibit B signed by Circuit Court Judge Lee J. Howard who thereby dismissed the criminal charges against ward Harris without prejudice by virtue of an order of nolle prosequi on July 25, 2017 which demonstrates the bar to all claims due to application of the favorable termination rule of the *Heck v. Humphrey* Doctrine. See  *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed 2d 383 (1994). For Plaintiff to succeed

on any claim she must demonstrate compliance with the favorable termination rule of the *Heck v. Humphrey* Doctrine. Plaintiff cannot. Judge Howard's court order of nolle prosequi on July 25, 2017 is not a favorable termination. In considering the *Heck* Motion the Court may review attachments such as "state-court criminal matters." *Little v. Mississippi Department of Public Safety Bureau of Narcotics*, 2017 WL 2999141, *5 (N.D. Miss. July 13, 2017).

The order of nolle prosequi is not a favorable termination for *Heck v. Humphrey* purposes as shown by Motion Exhibit B. See for example the discussion of what is a favorable termination in *Wilson v. City of Biloxi*, 2013 WL 2244309, * 8 (S.D. Miss. May 21, 2013) in an opinion by District Judge Ozerden during an analysis of a malicious prosecution claim . The Court explained that Plaintiff must prove for such malicious prosecution cause of action: (1) institution or continuation of original judicial proceedings, civil or criminal; (2) by, or at the insistence of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) damages. Cited in the opinion in support of these elements was *Bearden v. BellSouth Telecommunications, Inc.*, 29 So 3d 761 (Miss. 2010). The involved criminal charge in *Wilson* was dismissed without prejudice for lack of jurisdiction. The opinion described that "The record does not support the conclusion that the prosecution of the traffic citation for 'failure to yield to blue lights/sirens' terminated in 'Plaintiff's favor' within the meaning of Mississippi law. See *Bearden*, 29 So. 3d at 764. The County Court entered an Order for Entry of Nolle Prosequi dismissing the failure to yield charge against Plaintiff without prejudice for lack of jurisdiction. ...In a case of first impression, the Mississippi Supreme Court considered in *Bearden* 'whether a dismissal for lack of jurisdiction may constitute a favorable termination of proceedings sufficient to support a subsequent claim of malicious prosecution.' *Bearden*, 29 So.

3d at 764.  The Court 'concluded that the dismissal of the case for lack of jurisdiction does not reflect on the merits of the criminal case against [the plaintiff].' *Id*. At 766. For this reason the dismissal of the criminal charges for lack of jurisdiction would not support a subsequent action for malicious prosecution. *Id.*  The same is true here."

   The same result is also true for all claims in this case as the order of Nolle Prosequi by Judge Howard at Motion Exhibit B is a dismissal with teeth to again indict ward Harris plus includes language that in no way acquits ward Harris. As in *Bearden* and as in *Wilson*, the order of Judge Howard "does not reflect on the merits of the criminal case against " Harris except to make clear the charges may be prosecuted in the future. That is not a favorable termination of the criminal charges against Steven Jessie Harris.

   The opinion in *Wilson* met with approval in an opinion by Judge Wingate in *Cooley v. City of Waynesboro*, 2017 WL 4156193 (S.D. Miss. Sept. 19, 2017) in the context of "this court, must look to determine if a nolle prosequi is a 'favorable termination' for the *Heck* analysis." *Cooley* at *6 at b. After reviewing *Bearden* and *Wilson* the Court found it decisive that the third element of the common-law tort of malicious prosecution of "the termination of such proceedings in plaintiff's favor" was "the analogous element with the *Heck* analysis." *Cooley* at *7. Judge Wingate described the trial court order of nolle prosequi as an order based on judicial economy and not as an order granting a favorable termination in the plaintiff's favor. Judge Wingate determined the order of nolle prosequi in *Cooley* was not an exoneration of charges based on " Defendant's innocence" but based on judicial economy. *Cooley* at *7.

   Judge Wingate was "persuaded that the order of nolle prosequi entered in Cooley's underlying state convictions was not a 'favorable termination' for purposes of *Heck*." He applied the *Heck* doctrine's favorable termination requirement to the false arrest charge before

him in *Cooley*. This is precisely the application of law that Laddie Huffman is asking of this Court for the criminal charges whose elements negate the civil claims including the civil claims for malicious prosecution, false imprisonment, Fourth Amendment violations including brought nominally under the Fourteenth or Thirteenth Amendments, all state law claims, and statutory claims. "Cooley was found guilty of disorderly conduct and resisting arrest. As discussed *supra*, Cooley has not obtained a 'favorable termination' of his underlying criminal convictions. For Cooley to succeed on his false arrest claim, Cooley must show that the officers lacked probable cause to arrest him. See *Queen v. Purser*, 109 Fed. Appx. 659 (5th Cir. 2004). If Cooley were successful on his cause of action for false arrest, it would necessarily implicate the validity of his underlying criminal convictions. This court, therefore, finds that Cooley's false arrest claim is barred by *Heck*. " *Cooley* at *7.

Motion Exhibit C is a graphic record of the probable cause determinations for ward Harris on eleven charges of violent crime. Count #1 is an indictment for deliberate murder in violation of Miss. Code Ann. § 97-3-19. Count #2 is an indictment for aggravated assault with a firearm on a West Point Police Officer while said officer was on duty. Count #3 is an indictment for aggravated assault with a firearm on a second West Point Police Officer while said officer was on duty. Count #4 is an indictment for aggravated assault with a firearm on a third law enforcement officer with the Tri-County Narcotics Task Force while said officer was on duty. Count #5 is an indictment for car jacking a citizen at gun point and stealing a car in violation of Miss. Code Ann. § 97-3-79. Count #6 is an indictment for car jacking another citizen at gun point and stealing another car in violation of Miss. Code Ann. § 97-3-79. Count #7 is an indictment for kidnaping a citizen at gun point. Count #8 is an indictment for kidnaping a second citizen at gun point. Count #9 is an indictment for aggravated assault on another citizen

by knife attack. Count #10 is an indictment for aggravated assault on another citizen by shooting the citizen with a gun.  Count #11 is an indictment for aggravated assault on another citizen by shooting into the victims' occupied car in violation of Miss. Code Ann. § 97-25-47.

The presence of probable cause for the arrest and detention is irrefutable. The claims that must establish the absence of probable cause including malicious prosecution and false imprisonment fail as a matter of law for failure to state a claim. Motion Exhibits B, C, D, and E. The application of the *Heck* favorable termination rule to all claims with elements related to any fact that could be involved in conviction for the indicted charges or any attendant sentence for incarceration must be dismissed under the *Heck v. Humphrey* Doctrine.

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed 2d 383 (1994) precludes damages for alleged or actual misconduct related to claimant's conviction or sentence. *Heck*, 512 U.S. at 486. The *Heck* rule was formulated in deference to the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck* at 486, 114 S. Ct. 2346. In *Heck*, the Supreme Court held that where a § 1983 suit for damages would "necessarily imply" the invalidity of an inmates's conviction, or "necessarily imply" the invalidity of the inmate's sentence, such a claim is not cognizable under § 1983 unless and until the inmate obtains favorable resolution of a challenge to his conviction. *Heck*, 512 U.S. at 487,114 S. Ct. 2364. This is called the favorable termination requirement which Plaintiff cannot demonstrate for her ward Harris.  When confronted with a § 1983 claim, *Heck* requires the district court to first consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F. 3d 391, 396 (5th Cir. 2006).

"Under *Heck*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence has been in some way reversed or invalidated." *Ducksworth v. Rook*, 647 Fed. Appx. 383, 385-86 (5th Cir. 2016)(per curiam)(citing *Bush v. Strain*, 513 F. 3d 492, 497 (5th Cir. 2008)).If claims are barred by *Heck*, the Court must dismiss those claims with prejudice to their being asserted again until the *Heck* conditions are met. See *DeLeon v. City of Corpus Christi, Texas,* 488 F. 3d 649, 657 (5th Cir. 2007). In accord see also *Johnson v. McElveen,* 101 F. 3d 423, 424 (5th Cir. 1996). But for the arrest and detention of ward Harris then the claims asserted in Count I under the Thirteenth and Fourteenth Amendments as well as the ADA at Title II and the "Rehab Act,"Count II for malicious prosecution, Count III for False Imprisonment, Count IV for state law claims under the Mississippi Tort Claims Act, and Count V of a Fourteenth Amendment violation of due process rights for "involuntary administration of medication" would not exist. Every claim is subject to the favorable termination rule of *Heck v Humphrey*.

A plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction or in this case the charges for which Ward Harris may be convicted of. This is because "factual assertions in pleadings are...judicial admissions conclusively binding on the party that made them." *Daigre v. City of Waveland, Miss*., 549 Fed. Appx. 283, 286 (5th Cir. 2013) (quoting *Davis v. A.G. Edwards & Sons, Inc*., 823 F. 2d 105, 108 (5th Cir. 1987). Accordingly, when there is no temporal and conceptual distinction between the factual basis for the charges that ward Harris may be convicted of and the civil rights claims then such claims

are subject to the *Heck* bar.

The *Heck* doctrine extends also to bar the state law claims. The Mississippi Tort Claims Act expressly states that state law torts are exempt from liability if the claim is "limited or barred by the provisions of any other law." Miss. Code Ann. § 11-46-9(1)(f).  Miss. Code Ann. § 11-46-9 (1) precedes this statutory subsection language with "A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim" which is then followed by specific categories on circumstances for which there is an exemption from liability as a matter of law. That includes Miss. Code Ann. § 11-46-9(1)(f) and so also the law of the *Heck* doctrine is applied through Miss. Code Ann. § 11-46-9(1)(f).

The above quoted statutory sections must be read in tandem with Miss. Code Ann. § 11-46-7 (7) which states "For the purposes of this chapter and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." § 11-46-7 (8) of this section closes with, "Nothing in this chapter shall enlarge or otherwise adversely affect the personal liability of an employee of a governmental entity. Any immunity or bar to a civil suit under Mississippi or Federal law shall remain in effect." Laddie Huffman has individual capacity immunity from all state law claims under the MTCA based on the law and the allegations of the First Amended Complaint. In addition  *Heck* is a bar to a civil suit under Mississippi law by statutory definition and so express adoption. All state law claims are subject to the *Heck* bar.

Plaintiff's state law claims are predicated on the same facts and claims of false arrest and detention and so those claims are barred. See *Hainze v. Richards*, 207 F. 3d 795, 799 (5th Cir. 2000)(dismissing state law assault and battery claims after finding that *Heck* barred a plaintiff's related claim of excessive force). See also *Williams v Harding*, 2012-1595 (La. App. 1 Cir.

4/26/13), 117 So. 3d 187 (barring Louisiana state law claims premised on the same basis advanced in support of his constitutional claim). "Although Mississippi has not expressly addressed the applicability of *Heck* to state law claims, the Fifth Circuit and sister Courts in this Circuit have held state law claims barred under *Heck*. (internal citations omitted)....*Heck* barred plaintiff's state law claims for false arrest and imprisonment, as a favorable holding on those claims would undermine plaintiff's conviction for resisting an officer...Even if Warner's state law due process claim were not barred by the statute of limitations, the undersigned is of the opinion that Mississippi would likely find the claim barred by *Heck* because it is based on the same facts as his clearly *Heck*-barred Fourth Amendment claim." *Warner v. Ledbetter*, 2018 WL 6981180, *3 (S.D. Miss. Dec. 10, 2018)(opinion by United States Magistrate Judge Robert H. Walker).

### 2. All claims not subject to the Heck rule are barred by the statute of limitations

All claims subject to *Heck* should be dismissed until such time as the *Heck* conditions are met. Any remaining claims fall to the bar of the statute of limitations. In claims filed pursuant to 42 U.S.C. § 1983 as was Plaintiff's present lawsuit then courts look to the law of the state in which the cause of action arose to determine the applicable statute of limitations. *Wallace v. Kato*, 127 S. Ct. 1091,549 U.S. 384, 388, 166 L.Ed. 2d 973 (2007). The Court should look to a state's general or residual statue of limitations for personal-injury torts. *Owens v. Okure*,109 S. Ct. 573, 488 U.S. 235, 240, 102 L. Ed. 2d 594 (1989).

In Mississippi the applicable statute of limitations is three years. *Edmonds v. Oktibbeha County, Miss.*, 675 F. 3d 911, 916 (5th Cir. 2012)(citing Miss. Code Ann. § 15-1-49).This applies to all section 1983 claims. *Hubbard v. Miss. Conference of United Methodist Church*, 138 F.

Supp. 2d 780, 782 (S.D. Miss 2001). See *James v. Sadler* , 909 F. 2d 834, 836 (5ᵗʰ Cir. 1990).

     *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) held that

claims sounding in false arrest accrue when "claimant becomes detained pursuant to legal

process." *Wallace*, 549 U.S. at 397.  A false imprisonment claim runs from the date of the arrest.

For Plaintiff for her ward Harris then the statute of limitations stemming from the arrest or

predicated on the presence of or absence of probable cause began on October 8, 2005 when ward

Harris was first taken into custody by the Mississippi Highway Patrol. See Motion Exhibit D part

1 Municipal Court file at document page 13 for arrest of October 8, 2005 and for the first court

appearance of ward Harris on October 11, 2005. His first lawyer noted in the same in Municipal

Court record was Thad Buck. Other arrests in other charges followed but the initial arrest was on

October 8, 2005 by state law enforcement officers.  As shown by the same record at page 12

ward Harris was detained at the Lowndes County Adult Detention Center. Even an alleged

continuing claim accrues at the latest from the date of the last injury or when the tortious acts

cease. *Evergreen Apartments, LLC v. City of Tupelo*, 2016 WL 3180769,*5  (N.D. Miss. June 6,

2016). All acts ceased as to Defendant Huffman in 2012.  Laddie Huffman's last day as Sheriff

was January 1, 2012 as his successor was sworn in on January 2, 2012. See Motion Exhibit A.

All claims not subject to *Heck v. Humphrey* are barred by the  statute of limitations.

### 3.  Probable Cause Defeats the Thirteenth and Fourteenth Amendments, malicious prosecution and false imprisonment claims.

     In order to prove an unlawful seizure detention Plaintiff must demonstrate that the arrest

of her ward Harris was made without probable cause. Proof that the arrest was without probable

cause would negate Plaintiff's charges contained in the eleven count Grand Jury Indictment. The

existence of probable cause is irrevocably documented. Motion Exhibit B, C, D, and E. *Joiner v.*

*Smith*, 69 F. 3d 536, 539 (5th Cir. 1995).

Plaintiff's claims under the Fourteenth Amendment should be analyzed under the Fourth Amendment as directed by *Albright v. Oliver*, 510 U. S. 266, 273, 114 S. Ct. 807, 813, 127 L.Ed. 2d 114 (1994) holding that the Fourteenth Amendment due process applications are not correct but instead the Fourth Amendment should be employed for claims such as those of Plaintiff. *Castellon v. Fragozo*, 352 F. 3d 939, 942 (5th Cir. 2003) then makes clear that the presence of probable cause for the charges is a bar to the Fourteenth Amendment, malicious prosecution and false imprisonment claims.

The Fourth Amendment is not named in any Count. Pre trial detainees may challenge by civil suit as attempted in this case under the Fourth Amendment but the claim is fatally defective in the presence of probable cause for the arrest and detention. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) held that the Fourth Amendment governs claims for unlawful pretrial detention. In accord *Griffin v. City of Sugar Land, Texas*, 2019 WL 175098, *4 (S.D. Tex. Jan. 11, 2019). See also *Castellon v. Fragozo*, 352 F. 3d 939, 942 (5th Cir. 2003).

Plaintiff's claim under the Fourteenth Amendment should be analyzed under the Fourth Amendment. It seems apparent that when "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U. S. 266, 273, 114 S. Ct. 807, 813, 127 L. Ed. 2d 114 (1994). Plaintiff's claim under substantive due process is not actionable. "Substantive due process may not furnish the constitutional peg on which to hang such a 'tort.'" *Albright v. Oliver*, 510 U. S. at 271 n. 4.

The Court files Exhibits D and E attached to the Motion show ample due process. In

accord is *Cannady v. Clay County*, MS et al opinion of November 21, 2017 in the United States

District Court for the Northern District of Mississippi Aberdeen Division in civil action No.

1:15-cv-00044-GHD-JMV for adjudication of due process adequacy of procedures employed by

Clay County, Mississippi. The presence of due process is a bar to the other attempted due

process based claims. This includes claims for illegal detention such as false imprisonment

which are properly brought under the Fourth Amendment. *Manuel v. City of Joliet, Ill*., 137 S.

Ct. 911, 914-915, 197 L. Ed. 2d 312 (2017) (Fourth Amendment governs claims for unlawful pre

trial detention). See *Conners v. Graves*, 538 F. 3d 373, 376-378 (5th Cir. 2008).

    "False imprisonment consists of detention without legal process...when, for example, he is

bound over by a magistrate or arraigned on charges...thereafter, unlawful detention forms part of

the damages for the 'entirely distinct' tort of malicious prosecution." *Wallace v. Kato*, 549 U.S.

384, 389, 127 S. Ct. 1091,166 L. Ed. 2d 973 (2007). Yet malicious prosecution standing alone is

not a constitutional tort. *Castellon v. Fridges*, 352 F. 3d 939 (5th Cir. 2003). To establish a

claim of malicious prosecution Plaintiff must demonstrate that Laddie Huffman made,

influenced, or participated in the decision to prosecute Harris, and show the absence of probable

cause, and show as a result of the legal proceeding that Harris suffered a deprivation of liberty

separate from the initial arrest, and demonstrate that the criminal proceedings were resolved in

favor of Harris as must be done also to escape the *Heck v Humphrey* doctrine. *Webb v. U.S.*, 789

F. 3d 647, 659 (6th Cir. 2015). The Grand Jury adjudication of probable cause of the criminal

charges against Steven Jessie Harris negates a necessary element of malicious prosecution and of

any illegal detention or similar claim. To succeed plaintiff would have to prove the absence of

probable cause and she cannot. *Ballard v. Burton*, 444 F. 3d 391, 396 (5th Cir. 2006); *Jasper

Robinson, et al v. Gene Lipps*, 2019 WL 136983,*4 ( W.D. La. Jan. 4, 2019). The false

detention, malicious prosecution, Thirteenth, and Fourteenth Amendment claims fail as a matter of law.

### 4. No Thirteenth or Fourteenth Amendment Violation stated

There are two rights which are guaranteed under the Due Process Clause: procedural and substantive. The procedural right guarantees an individual a fair procedure to address any deprivation of life, liberty, and property by the government. *Id*. at 1068. *Collins v. City of Harker Heights, Texas*, 503 U.S.115 (1992).The substantive component of the Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Jasper Robinson, et al v. Gene Lipps*, 2019 WL 136983 ( W.D. La. Jan. 4, 2019). This includes claims for unlawful arrest under the Fourth Amendment and violation of due process under the Fourteenth Amendment.

The Due Process clause of the Fourteenth Amendment provides that "no State shall...deprive any person of life, liberty, or property, without due process of law." *Cook  v. City of Dallas*, 2015 WL 7352121, *3 (5th Cir.2015)(citing U.S. Const. Amend. XIV,§ 1). It only protects an individual's life, liberty, and property from government action. *DeShaney v. Winnebago Cnty. Dep't. Soc. Servs.,* 489 U.S. 189, 195 (1989).

"To state a Fourteenth Amendment due process claim under Section 1983, 'a plaintiff must first identify a protected life, liberty, or property interest and then prove that governmental action resulted in a deprivation of that interest.' *Baldwin v. Daniels*, 250 F. 3d 943, 946 (5th Cir. 2001). 'The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest.'" *McCasland v. City of Castroville, Tex*., 514 Fed. Appx. 446, 448 (5th Cir. 2013)(per curiam)(quoting *DePree v. Saunders*, 588 F. 3d 282, 289 (5th Cir. 2009)).

"Plaintiff has not alleged deliberate indifference by Laddie Huffman which is required to sustain a constitutional claim on the 'special relationship' theory relative to a liberty deprivation; thus, Plaintiff has failed to state a claim for a Fourteenth Amendment violation under the 'special relationship' theory." *Little v. Mississippi Department of Public Safety Bureau of Narcotics*, 2017 WL 2999141, *9 (N.D.Miss. July 13, 2017)(citing *Broussard v. Basaldua*, 410 Fed. Appx. 838, 839 (5th Cir. 2011)(per curiam)(citing *Watson v. Alexander*, 44 F. 3d 1297, 1300-1301(5th Cir. 1995)(en banc)). The record demonstrates that during the ward's detention he was afforded all forms of due process. He received the process of sworn Judicially issued arrest warrants, multiple preliminary hearings, multiple bond hearings, public defenders Thad Buck, Richard Burdine, Nancy Stuart, and Pearson Liddell plus current Counsel. Any one or more of ward Harris's four public defenders or other Counsel could have filed a habeas petition or speedy trial motion or any other motion and simply noticed it for hearing.

"Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. *Alberton v. Concordia Par. Corr. Facility*, 848 F. 3d 415, 419-20 (5th Cir. 2017). "In this matter, Robinson has failed to set forth any factual allegations in his Complaint showing Defendants showed 'deliberate indifference' ...accordingly, Robinson has failed to state a claim

for a violation of his due process rights. "*Id*. at 420.

The touchstone of due process is protection of the individual against arbitrary action of government. *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935(1974). *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The courts have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm. *County of Sacramento, supra.* In *Paul v. Davis*, 424 U.S. 694, 701, 96 S. Ct. 1155, 1160-1161, 47 L. Ed. 2d 405 (1976), for example, the court explained that the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States," and in *Daniels v. Williams*, 474 U.S. 327, 332, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662(1986), the Supreme Court reaffirmed the point that"[our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Negligently inflicted harm is categorically beneath the threshold of constitutional due process. See *Id*., at 328, 106 S. Ct., at 663; *County of acramento, supra*. Thus, the substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. *County of Sacramento, supra*. To hold that injury caused by negligent conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the principle of due process of law. *Daniels, supra.* Only a purpose to cause harm unrelated to the legitimate object of the arrest and attendant detention will satisfy the element of arbitrary conduct shocking to the conscience as is necessary for a due process violation. *County of Sacramento, supra*. Plaintiff has not asserted the

elements necessary to establish a Fourteenth Amendment claim.

The Thirteenth Amendment claim has no foundation in law based on the allegations of the Complaint. See rejection of such claims in *Mayacaceae v. Collins*, 900 F. 2d 833, 837 (5th Cir. 1990); *Murray v. Mississippi Department of Corrections*, 911 F. 2d 1167, (5th Cir. 1990); *Crane v. Alexander*, 756 F. 2d 1070, 1075 (5th Cir. 1985); *Plaisance v. Phelps*, 845 F. 2d 107, 108 (5th Cir. 1988)*; Ali v. Johnson*, 259 F. 3d 317(5th Cir. 2001). There is a failure to state a claim as to the Thirteenth Amendment.

5. **ADA, Rehab Act, Injunction, Declaratory claims do not exist as to Laddie Huffman**

Plaintiff does not state a claim against Laddie Huffman in an individual capacity for the ADA claim or the Rehab claim. No personal action is mentioned at all for these claims. Plaintiff failed to state a claim under the ADA or Rehab Act as there is no allegation of denial of benefits, programs, or activities because of any disability. Pre trial detention status is not a disability within the meaning of the ADA. See 42 U. S. C. § 12102 (1). To establish a prima facie case under the ADA or the Rehab Act a plaintiff must show he is a qualified individual with a disability and that the defendants are subject to one of the Acts and that he was denied the opportunity to participate in or benefit from defendants services, programs, or activities or was otherwise discriminated against by defendants by reason of his disability. *Dean v. Univ. at Buffalo Sch. Of Med. & Biomedical Scis.*, 804 F. 3d 178, 187 (2nd Cir. 2015). In accord *Powell v. Nat'l Bd. of Med. Examiners*, 364 F. 3d 79, 85 (2nd Cir. 2004). Even if ward Harris has a mental disability for purposes of the ADA or Rehab Act he still cannot demonstrate that Laddie Huffman is subject to either Act plus there is no allegation of discrimination based on mental disability. The ADA may prohibit disability based discrimination but it does not require any

particular mental health treatment for jail detainees.

The claims for injunction or declaratory action are moot. *Herman v. Holiday*, 238 F. 3d 660, 665 (5th Cir. 2001). Plaintiff's ward Harris is no longer in custody and Laddie Huffman is not in office. There is no continuing violation of federal law. See *Papasan v. Allain*, 478 U.S. 265, 277-78, 282 (1986); *Green v. Mansour*, 474 U.S. 64, 73 (1985). Plaintiff has no standing for injunctive relief and the claims are moot. *Fairley v. Stalder*, 294 Fed. Appx. 805, 811 n. 28 (5th Cir. 2008). See absence of standing in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

As there has not been a favorable termination for the *Heck v. Humphrey* doctrine then the application of abstention is proper at least for the injunctive or declaratory relief sought. The Court should abstain from interfering with state criminal proceedings. Direct interference is not required for abstention. Interference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings regardless of whether the relief requested would interfere with the conduct of a proceeding directly. *Bice v. Louisiana Pub. Def. Bd.*, 667 F. 3d 712, 716 (5th Cir. 2012). In order to grant injunctive relief the Court would have to determine if ward Harris was arrested without probable cause. Enforcement of state criminal laws is an important state interest. No injunctive or declaratory relief is proper.

### 6. MTCA inmate exemption is a bar for all state law claims

State law claims are controlled by the  Mississippi Tort Claims Act (MTCA) at Miss. Code Ann.§ 11-46-1 et. seq. Miss. Code Ann. § 11-46-7 (1)  provides "The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity"..."and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under

the provisions of this chapter, notwithstanding the provisions of any other law to the contrary."

Miss. Code Ann. § 11-46-1 provides definitions that sweep all state law claims under MTCA control by definition. See same at (a) "Claim" means any demand to recover damages from a governmental entity as compensation for injuries. Miss. Code Ann. § 11-46-1(k) provides that "Law" means "all species of law, including, but not limited to, any and all constitutions, statutes, case law, common law, court order, court rule, court decision, court opinion, court judgment or mandate, administrative rule or regulation, executive order, or principle or rule of equity."

The MTCA at Miss. Code Ann. § 11-46-5(1) provides a limited waiver of sovereign immunity for claims for acts and omissions of governmental employees acting within the course of and scope of their employment. All claims then are subject to the exemptions to liability regardless of the facts so long as the claim fits an exemption as contained in Miss. Code Ann. § 11-46-9 (1). The limited waiver of the state's sovereign immunity is strictly construed in favor of the holder of the right. All employees are protected by the same exemptions as the employer local government. Miss. Code Ann. § 11-46-7 (1). The MTCA exemptions to the waiver of sovereign immunity should be liberally construed in favor of limiting liability. *Urban Developers LLC v.City of Jackson, Miss.*, 468 F. 3d 281, 306 (5th Cir. 2006).

Count IV state law claims asserted under the MTCA are subject to the absolute exemption from liability of Miss. Code Ann. § 11-46-9 (1) (m) known as the inmate exemption. Miss. Code Ann. § 11-46-9 states at "(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim" and then the exemption states at (m) follows with "Of any claimant who at the time the claim arises is an

inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

This exemption from the MTCA's waiver of sovereign immunity applies to both pre trial detainees and convicted inmates. See *Liggans v. Coahoma County Sheriff's Dep't*, 823 So. 2d 11523, 1155 (Miss. 2002). "Therefore, Plaintiff's state-law tort claims against Lamar County and Sheriff Rigel in his official capacity are barred by the MTCA's 'inmate exception.'"*Anthony v. Lamar County*, 2017 WL 4706906, *2 (S.D. Miss. Oct.19, 2017). As a result then all state law claims of Plaintiff  are barred by this exemption from liability on the face of the Complaint. In accord *Patterson v. City of McComb, Mississippi*, 2018 WL 4956123, *8 (S. D. Miss. Oct. 12. 2018) for inmate exemption application.

### 7. **Plaintiff's claim of involuntary administration of medication**

Plaintiff alleges very specific facts about this claim as depicted in paragraph 24 of docket # 5 the operative Complaint but omits reference to Laddie Huffman. The facts are also described in paragraph 89 but again omits reference to Laddie Huffman. Paragraph 89 alleges operative facts that a nurse "obtained an order from 'Dr. Miller' to give Plaintiff repeated intra muscular injections of medication."  There is no criticism of Dr. Miller in the operative Complaint but there is an allegation of use of a licensed physician for the treatment of ward Harris. That is the opposite of deliberate indifference. This sounds in the nature of a claim of denial of health care to an inmate and so is controlled by the deliberate indifference standard. No state claim can stand for denial of health care against any health care professional including under negligence or medical malpractice theories of recovery as Plaintiff did not give the required pre suit tort notice

mandated by state law for professional malpractice claims.

The law is clear that a prisoner's disagreement "with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). *McMahon v. Beard*, 583 F. 2d 172, 174(5th Cir. 1978). Failed treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to medical needs. *Gobert v. Caldwell*, 463 F. 3d 339, 346 (5th Cir. 2006). Even if negligence existed in treatment of ward Harris such is not a constitutional violation. *Oliver v. Collins* , 914 F. 2d 56, 60 (5th Cir. 1990).

A pre trial detainees's right to medical care arises from the Fourteenth Amendment's guarantee of due process. *Mace v. City of Palestine*, 333 F. 3d 621, 625 (5th Cir. 2003). The Fifth Circuit has recognized that there is no significant distinction between pre trial detainees and convicted inmates concerning basic human needs. *Gibbs v. Grimmette*, 254 F. 3d 545, 548 (5th Cir. 2001). There must be allegations of a deprivation of medical care serious enough to show that the state has abdicated a constitutionally required responsibility to the detainee's medical needs. *Bienvenu v. Beauregard Parish Police Jury*, 705 F. 2d 1457, 1460 (5th Cir. 1983). Plaintiff is silent on the required aspect that Laddie Huffman knew of and disregarded an excessive risk to inmate health or safety. *Stewart v. Murphy*, 174 F. 3d 530, 533 (5th Cir.1999). The official must draw the inference that a substantial risk of serious harm exists. *Smith v. Brenoettsy*, 158 F. 3d 908, 912 (5th Cir. 1998). Motion Exhibit E demonstrates that ward Harris spent fourteen months soon after he began his detention at the Mississippi State Hospital receiving medical treatment and was returned to the Clay County Jail upon discharge by his treating physicians at said facility. See Motion Exhibit E at page 100 of the court file. The physicians employed "three different antipsychotic medications." Motion Exhibit E at page 101-

102 of the court file. Harris was then returned after this medical treatment to the custody of Clay County.  Motion Exhibit E at page 102-103. The Sheriff  transported Harris for further hospitalized mental heath treatment on September 10, 2008. Motion Exhibit E at page 103-105.  This record demonstrates the antithesis of deliberate indifference.

Deliberate indifference is a high standard. A failure to perceive a significant risk is not enough. *Domino v. Tex. Dep't. of Criminal Justice*, 239 F. 3d 75d2, 756 (5th Cir. 2001). Plaintiff did not specify facts showing conduct by Laddie Huffman that would evince a wanton disregard for any serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-106,50 L. Ed. 2d 251, 260(1976).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to pre trial detainees. *Hare v. City of Corinth*, 74 F. 3d 633, 648 (5th Cir. 1996). A prisoner's disagreement with the medical treatment provided by prison officials does not state a claim. *Gibbs v. Grimmette*, 254 F. 3d 545, 548 (5th Cir. 2001); *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997).   Negligent conduct or omissions do not rise to the level of a constitutional tort. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986).  Plaintiff failed to state a claim in this regard for which relief may be granted as to Laddie Huffman.

## V. CONCLUSION

All of Plaintiff's claims are barred by the *Heck v. Humphrey* doctrine.  Fed. R. Civ. P. 8(a)(2) requires that a complaint set forth a short and plain statement of the claim showing the pleader is entitled to relief as to each Defendant. The pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 550 U.S. 544,

555 (2007). Plaintiff must allege specific facts as to specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F. 3d 736, 741 (5th Cir. 2002). Plaintiff has not done so and so failed to state a claim for relief. Due Process was afforded shown by the Court files attached to the Motion. No state law claim survives Miss. Code Ann. § 11-46- 9(1)(m). All claims are barred by the statutes of limitations.

Respectfully Submitted this the [6th] day of March, 2019.

Laddie Huffman in his official and individual capacities, Defendant
by:/s/*Katherine S. Kerby*
Katherine S. Kerby, MSB # 3584

OF COUNSEL:
Katherine S. Kerby MSB# 3584
Kerby Law Firm L.L.C.
P.O. Box 551
Columbus, Ms 39703
telephone:662-889-3733
fax:662-328-9553
www.kerbylaw.com
ksearcyk@bellsouth.net

## CERTIFICATE OF SERVICE

I, Katherine S. Kerby, attorney for Clay County, Mississippi, Sheriff Eddie Scott in his official and individual capacities, former Sheriff Laddie Huffman, in his official and individual capacities, Defendants, certify that I have this day filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record and that a true and correct copy of the foregoing document has been served via U S Mail, postage prepaid, upon the following non ECF participant : Nancy Stuart, 192 Lemon Tree Circle, Union Grove, Alabama 35175.

This the [6th] day of March, 2019.

/ s/ *Katherine S. Kerby*
Katherine S. Kerby